## H. J. HUCK & CO. *v.* BEATRICE GAYLORD ET AL.

1. MECHANIC'S LIEN—CONSTITUTIONAL LAW.—Section 47 of article 12 of the Constitution of 1869 did not give a lien to "material-men"; its benefits extended only to "mechanics and artisans."

2. MATERIAL-MEN—STATUTE CONSTRUED.—The "Act to provide for and regulate mechanics', contractors', builders', and other liens in the State," (Paschal's Dig., art. 7112,) enabled material-men also to fix and secure a lien as therein provided by filing, &c., in the district clerk's office, their claim, as provided in the statute, within six months after the debt should become due.

3. DURATION OF LIEN.—It seems that the lien would exist for six months without registration of the claim.

4. SAME.—In order to fix and secure the lien, even as between the parties to the contract for lien, it was necessary, under the act of November 17, 1871, (Paschal's Dig., art. 7112,) that the same should have been filed in the office of the district clerk for record within six months after its maturity.

APPEAL from Victoria. Tried below before the Hon. H. Clay Pleasants.

The facts are given in the opinion.

*Glass & Callender,* for appellant.—The court considered the failure to record within six months as fatal to plaintiffs' claim, and rendered judgment for the defendants. This was error. (Const. 1869, art. 12, sec. 15; Act of November 17, 1871, sec. 1, Gen. Laws, p. 28; Pope *v.* Graham, 44 Tex., 196; Crosby *v.* Huston, 1 Tex., 237, 238; Noel *v.* Temple, 12 Iowa, 276; Townsend *v.* Harrison, 2 La. Ann., 174; Thompson *v.* Parrent, 12 La. Ann., 183; Roberts *v.* Hyde, 15 La. Ann., 51; DeWitt *v.* Smith, 63 Mo., 263; Cohn *v.* Hager, 30 Ark., 25.)

The lien was valid and binding between the parties, although the contract was not recorded within six months; and the court erred in holding the contrary, and thereupon rendering judgment for the defendants.

The homestead of Gaylord was by law subject to a lien for the price of materials furnished to construct his dwelling, and, being community property, the husband had the authority to create the lien by the purchase of such materials, and the assent of the wife was not necessary.

*A. B. Peticolas,* for appellees.

I. The contract sued on by the appellant is not such a contract as may, by being recorded, fix and secure a mechanic's lien, and therefore the court did not err in giving judgment for the defendant. (2 Paschal's Dig., sec. 7112; Tinsley *v.* Boykin, 46 Tex., 592; Malone *v.* Kaufman, 38 Tex., 454.)

II. The material-man has only six months from the date

·when the debt becomes due within which to establish and secure his lien by recording it, and if he fails to record within that time the lien ceases to exist. ( 2 Paschal's Dig., sec. 7112; Tinsley *v.* Boykin, 46 Tex., 592; Kohn *v.* McHatton, 20 La. Ann., 485; Greene *v.* Ely, 2 Green, (Iowa,) 508; Const. 1870, 2 Paschal's Dig., art. 2, secs. 15, 47, p. 1138; Warren *v.* Smith, 44 Tex., 246; Pope *v.* Graham, 44 Tex., 196; Campbell *v.* Fields, 35 Tex., 754.)

III. Only artisans or mechanics are given a lien by the Constitution. The lien of a material-man must be, by the consent of the wife, given in the mode prescribed by law, to bind the homestead. (Const. 1870, art. 12, secs. 15, 47; 2 Paschal's Dig., sec. 7112; Sampson *v.* Williamson, 6 Tex., 112, 115.)

BONNER, ASSOCIATE JUSTICE. — This suit was brought by the appellants, H. J. Huck & Co., against the appellees, Beatrice Gaylord and others, as the surviving wife and children of E. H. Gaylord, deceased, to enforce a lien as material-men for the price of certain lumber furnished E. H. Gaylord during his lifetime, used in the construction of a house for a homestead. It is admitted that the claim was not filed with the district clerk within six months after its maturity, as provided for by the act then in force, (Paschal's Dig., art. 7112,) entitled "An act to provide for and regulate mechanics', contractors', builders', and other liens in the State of Texas."

Judgment was rendered for the defendants. They, as the wife and children of the deceased, E. H. Gaylord, must be considered as occupying the same relation toward the plaintiffs as he himself would, had he been living.

The decisive question in the case, and the only one deemed necessary for our consideration, is this: Was it necessary to fix and secure the lien, as between the parties to the contract, that the same should have been filed in the office of the district clerk within six months after maturity?

The Constitution of 1869, art. 12, sec. 47, provides that

"mechanics and artisans of every class shall have a lien upon the articles manufactured or repaired by them for the value of their labor done thereon or materials furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

Although all reasonable intendments should be indulged in favor of that meritorious class of our citizens,—mechanics and artisans,—yet, as to them even, the courts, in construing and enforcing liens upon lands given to them not by express contract, but by statutory provisions under certain prescribed regulations, should require a substantial compliance with the statute in every respect. (Tinsley *v.* Boykin, 46 Tex., 592.)

The Constitution, however, did not give the lien except to "mechanics and artisans." As shown by the authorities in Gaylord *v.* Loughridge, *ante,* decided at the present term, this cannot be extended to embrace any other class of persons. As a legislative construction supporting this view, the subsequent Constitution of 1876, art. 16, sec. 37, gives the lien not only to mechanics and artisans, as under that of 1869, but also to "material-men."

The plaintiffs' right, then, to the lien, if it existed at all, must have been by virtue of the statute, and not the Constitution.

So much of the statute to which it is necessary to refer reads as follows: "Any person or firm, artisan or mechanic, who may labor, furnish material, machinery, fixtures, and tools to erect any house improvement, or to repair any building or article, or any improvement whatever, shall have a lien on such article, house, building, fixtures, or improvements, and shall also have a lien on the lot or lots, or land necessarily connected therewith, to secure payment for labor done, material and fixtures furnished for construction or repairs. In order to fix and secure the lien herein provided for, the contractor, mechanic, laborer, or artisan furnishing material shall have the right at any time within six months after such debt becomes due to file his contract in the office of the dis-

trict clerk of the county in which such property is situated, and cause the same to be recorded in a book to be kept by the district clerk for that purpose. * * * When such contract or account is filed and recorded, it shall be deemed sufficient diligence to fix the same from the date it is filed for record, and secure the lien herein provided." (Paschal's Dig., art. 7112.)

Worcester defines the word, fix, "To settle or remain permanently;" and the word, secure, "To make certain; to put beyond hazard."

The first subdivision would seem to give the lien in general terms, yet we think that a proper construction of the statute as a whole, required that the contract should have been filed within the six months to fix and secure this lien.

Although the lien might exist, even as to third parties, until the expiration of this time, yet its existence would be transitory only, and unless fixed and secured by having the contract filed in the proper office, and thus have the lien made permanent and certain, it would, after the expiration of six months, cease to exist even as against the parties themselves. It is not the policy of the law to favor secret or uncertain liens.

In cases of voluntary contracts, creating express liens, where the law does not require registry as a condition to their validity, upon general principles of equity, as between the parties themselves, they would have binding force and effect whether recorded or not. Our Legislature, however, as regards mortgage liens, has not even left this to implication, but it is expressly declared that the lien shall not be lost or destroyed, as between the parties to it, if the mortgage should not be recorded. (Paschal's Dig., art. 4986.) Whether or not this affirmative legislation might be held to imply that a different construction should prevail as to other liens, we do not think that the general equity doctrine as to express contracts should be so liberally applied to the lien given to material-men not by contract, but by statutory provision.

The statute, when invoked, governs the rights of the parties, and without a substantial compliance with it they do not exist.

If any distinction should be drawn between the rights of the parties themselves and of third persons, the statute has failed to provide for it. The law, without the consent of the owner of the property, gives the right to the lien, not only when the claim is due, but for six months afterwards, perhaps to the prejudice of innocent third parties, and to fix and secure it within the six months by having the claim filed in the proper office.

If the plaintiffs have failed to accept the liberal provisions of the statute intended for their benefit, and have thereby lost their lien, they must attribute it to a want of that "sufficient diligence" required by the terms of the law, and not to a want of justice to them on the part of this law or the courts of the country.

JUDGMENT AFFIRMED.