REUBEN BOLLMAN, PLAINTIFF IN ERROR, V. H. A. PASEWALK AND OTHERS, DEFENDANTS IN ERROR.

1. **Principal and Surety:** ACTION ON BOND: WAIVER. Where in an action on an indemnifying bond signed by three sureties, but not by the principal, the petition alleged " That said indemnity bond was executed and delivered by the said defendants for the purpose of saving harmless the said plaintiff in the levy and sale of the property aforesaid, and was delivered to the plaintiff by the Norwegian Plow Company, with the consent of the said defendants for that purpose," *Held*, If the allegations of the petition were true that the sureties had waived the signing of the bond by the principal.

2. ————: BOND NOT SIGNED BY PRINCIPAL. Where an indemnifying bond signed by three sureties was voluntarily given to an officer, conditioned that " if the above bounden Norwegian Plow Company shall well and truly save harmless and indemnify the said W. L. Rothwell, and any and all persons assisting him in

the premises, from all harm, trouble, damage, costs, suits, actions, judgments, and executions that shall or may at any time arise, come, or be brought against him, them, or any of them, then this obligation to be void," which bond was not signed by the principal, the officer having sold the goods and applied the proceeds on the executions, and afterwards judgment was recovered against him for the value of the goods. *Held*, That the obligors signing the bond were liable thereon.

ERROR to the district court for Madison county. Tried below before CRAWFORD, J.

*D. A. Holmes* and *A. J. Durland* for plaintiff in error, cited : *Hall v. Parker*, 39 Mich., 287. *Greene v. Kindy*, 43 Mich., 282. *Harris v. Simpson*, 14 Am. Dec., 105, note. 5 Wait's Actions and Defenses, 191. *U. S. v. Linn*, 15 Peters, 290.

*Brome, White & Mapes*, for defendants in error, cited : *Bean v. Parker*, 17 Mass., 591. *Bunn v. Jetmore*, 70 Mo., 228. *Wood v. Washburn*, 2 Pick., 24. *Russell v. Annable*, 109 Mass., 72.

MAXWELL, CH. J.

This is an action upon an indemnifying bond which the defendants signed as sureties for the Norwegian Plow Co. On the trial of the cause the attorney for the defendants objected to the introduction of any evidence, upon the ground that the facts stated in the petition were not sufficient to authorize a recovery. The motion was sustained, and the plaintiff not desiring to amend his petition, the action was dismissed. The following is a copy of the petition, omitting the title :

"The plaintiff complains of the said defendants and for cause of action alleges :

"1st. That on the 29th day of February, 1884, the plaintiff was the sheriff of Knox county in the state of

Nebraska, duly elected, qualified, and acting as such; that W. L. Rothwell was at said time a deputy sheriff of said county, duly appointed by the plaintiff.

"2d. That on that day the Norwegian Plow Company caused an execution to be issued out of the justice's court of said county of Knox, upon a judgment before that time recovered by said Norwegian Plow Company in said court, against one Fred. Fischer, which execution was delivered to plaintiff, who then and at the return thereof was sheriff as aforesaid; that plaintiff as such officer, by his said deputy, W. L. Rothwell, at the request of the said Norwegian Plow Company, levied said execution upon certain personal property as the goods and chattels of said Fred. Fischer, but which goods were afterwards claimed by one Deere, Wells & Company.

"3d. That said Norwegian Plow Company, in consideration of and upon the promise of plaintiff to sell said goods, executed and delivered to the said deputy sheriff for the plaintiff an obligation in writing, of which the following is a copy:

"'Know all men by these presents: That Norwegian Plow Company, of Dubuque, Iowa, as principal, and H. A. Pasewalk, J. S. McClary, and A. P. Pilger, as sureties, of the town of Norfolk, county of Madison, and state of Nebraska, are held and firmly bound unto W. L. Rothwell, deputy sheriff of Knox county, in the sum of four thousand ($4,000) dollars good and lawful money of the United States, to be paid to the said W. L. Rothwell, deputy sheriff as aforesaid, his executors, administrators, and assigns, for which payment well and truly to be made we do hereby bind ourselves, our heirs, executors, and administrators jointly and severally, firmly by these presents.

"'Dated this 29th day of February, 1884.

"'WHEREAS, The above bounden Norwegian Plow Company did, on February 29th, cause executions on certain judgments in its favor, and the favor of J. H.

Thomas, to issue against one Fred. Fischer, of Creighton, and placed the same in the hands of W. L. Rothwell, deputy sheriff of Knox county, for service, and whereas, the property of said Fischer has been assigned and is claimed by Deere, Wells & Co. and others, now if the said W. L. Rothwell by virtue of said executions shall levy on said property and hold and sell the same to satisfy said executions, unless the said property shall be taken from him by due process of law. Now the condition of the above obligation is such that if the above bounden Norwegian Plow Company shall well and truly save harmless and indemnify the said W. L. Rothwell, and any and all persons aiding and assisting him in the premises, from all harm, trouble, damage, costs, suits, actions, judgments, and executions that shall, or may at any time arise, come, or be brought against him, them, or any of them, then this obligation to be void, otherwise to be and remain in full force and effect.

"'H. A. PASEWALK,

"'J. S. McCLARY,

"'A. P. PILGER.

"'Signed and delivered in presence of

"'E. B. MOWER.'

"4th. That said Rothwell, in levying said executions and selling the property thereunder, and in taking the said bond of indemnity, acted as the deputy and agent for the plaintiff, for whose benefit said bond was taken, and that said plaintiff is the real party in interest therein.

"5th. That said indemnity bond was executed and delivered by the said defendants for the purpose of saving harmless the said plaintiff in the levy and sale of the property aforesaid, and was delivered to the plaintiff by the Norwegian Plow Company with the consent of the said defendants for that purpose, and in the manner and form as aforesaid.

"6th. In consideration of said bond the plaintiff caused

said property to be sold under said executions, and paid over the proceeds of said sale, less costs, to the said Norwegian Plow Company.

" 7th. That on or about the month of March, 1884, the said firm of Deere, Wells & Co. brought an action against the plaintiff for the conversion of said goods so levied upon under said executions, and on the 16th day of June, 1886, recovered judgment against plaintiff in the circuit court of the United States for the district of Nebraska for three thousand ($3,000) dollars damages, and one hundred and ninety-eight and $\frac{65}{100}$ ($198.65) dollars costs of suit, and plaintiff was compelled to and did pay the same and two hundred and eighteen ($218.00) dollars accrued costs and expenses.

" 8th. The said Norwegian Plow Company was duly notified of the pendency of said action, and afterwards that judgment had been rendered against the plaintiff in said cause, but that said Norwegian Plow Company and said defendants herein have failed and neglected to pay the same, or any part thereof.

" 9th. That defendants though requested have failed and neglected to pay to plaintiff the said amounts as aforesaid paid by him on said judgments, or any part of the same, and have failed to save the plaintiff harmless as provided in said bond. The plaintiff has sustained damages in the premises in the sum of $3,416.65, no part of which has been paid. The plaintiff therefore prays judgment against the defendants for the sum of $3,416.65 and interest thereon from the ...... day of ......, 1886, and costs of suit."

The attorney for the defendants contends that no action can be maintained against the sureties unless a cause of action is stated against the principal, and that the petition fails to state such cause. It will be observed that by the fifth paragraph of the petition it is alleged that "the bond was executed and delivered by the said defendants for the

purpose of saving harmless the plaintiff in the levy and sale of the property aforesaid, and was delivered to the plaintiff by the Norwegian Plow Company with the consent of the said defendants for that purpose." This allegation, if true, will constitute a waiver by the defendants of the signing of the instrument by the Norwegian Plow Company. This is a question of fact proper to be submitted to a jury, and which a court had no authority to take from them.

In 5 Com. Dig., 148, title "Officer," it is said: "That no bond or writing may be exacted from the subject to the king or other person to do that by which he is bound to do to the king, and such bond will be void and the defendant may plead duress."

The strict rule of the ancient common law has been adhered to in at least two states, viz., Massachusetts and Missouri, and the distinction between statutory bonds and those voluntarily given does not seem to be very clearly pointed out. Unless the statute under which a bond is given declares it to be void unless taken in the mode directed, it will not be held invalid if it is otherwise sufficient in form. *County of Alleghany v. VanCampen*, 3 Wend., 49. Thus, in the case cited, the statute required the bond to contain a condition, "That he shall well and faithfully execute the office of treasurer of such county and pay all moneys which shall come to his hands as treasurer, according to law, and render a just and true account thereof to the said supervisors, or to the comptroller of the of the state, when required." The condition of the bond was as follows: "That the said Moses VanCampen shall well, truly, and faithfully execute and perform the duties of treasurer of said county according to law." The court held that although it did not conform to the language of the statute, it was nevertheless a valid bond.

In *State v. Bowman*, 10 Ohio, 445, a case similar in some respects to the one under consideration, the condition of

the bond was that: "If the above bound Henry Filler, who has been elected treasurer of Perry county, shall pay over all money that shall come into his hands by virtue of his office, and do and perform all other things necessary to be done in his office as treasurer, agreeably to law, for the term of two years, and until his successor shall be elected and qualified, then the above bond to be void." This bond was not signed or sealed by the principal, although his name appeared in the body of the bond as one of the obligors. It was, however, signed and sealed by all the sureties whose names appeared in the body of the obligation. The oath of office of the principal was duly endorsed on the back of the bond, and he entered upon the duties of his office as treasurer of Perry county. He failed, however, to pay over certain moneys collected by him in his official capacity, and an action was brought upon the bond. The plea was interposed that the principal had failed to sign the bond, but the court held that the sureties were liable. It is said, page 451 : "Great reliance is placed upon the fact that if the instrument is not executed by the principal it will affect the remedy over against him by the securities. There would be great force in this argument if the remedy were destroyed, but it is not; the force and the extent of this liability to them are unimpaired. Whether they could use the bond *per se* as evidence of his liability presents a question merely of convenience in the use of the right, but does not affect the right itself any more than would the loss or destruction of the bond ; and a further answer to this argument is, that the bond being found in the hands of a legal depository, the auditor, the presumption, in the absence of any testimony to contradict it, is very strong that the sureties dispensed with, or, which as to its legal effect is the same thing, that they were careless about the fact whether it was signed by the principal or not."

The bond in this case is not given under any statute, unless it was attempted to bring it under section 488 of the

code, which does not require the bond to be signed by the principal. Treating it, however, as a bond voluntarily given upon a sufficient consideration, we must hold it sufficient, when the condition is broken, to authorize a recovery thereon. If the allegations of the petition are true, the Norwegian Plow Company is primarily liable for the damages sustained, and the sureties, if compelled to pay the debt, will have a remedy against such principal. The code in many cases, which need not be referred to here, has materially modified the common law by providing that certain undertakings that may be given for various purposes will be sufficient if signed by sureties alone. And this rule evidently is applicable to the case under consideration. Where the statute requires a bond to be signed by the principal, or a bond is manifestly incomplete on its face when delivered, it is probable that the sureties might insist on a failure to perfect the instrument before delivering it to the obligee, but that question is not before the court, and will not be decided. But the instrument under consideration having been voluntarily given for the express purpose of indemnifying the officer for the act set forth in the bond, he has a right to insist upon the performance of the condition by the obligors, and the failure of the principal to sign the instrument will not relieve them from liability to such officer.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.