AMERICAN RADIATOR COMPANY v. THE AMERICAN BOND-
ING & TRUST COMPANY.

N. O. NELSON MANUFACTURING COMPANY v. THE AMERI-
CAN BONDING & TRUST COMPANY.

FILED JUNE 9, 1904.    Nos. 13,522, 13,523.

1. Contractor's Bond: CONSTRUCTION.   A bond given by a contractor
   for the erection of a public building in this state, conditioned
   for the payment of laborers and material men, derives no ob-
   ligatory force from the statute as respects the latter subject, and,
   as to it, is to be treated, at most, as a common law obligation.

2. ———: VALIDITY.   An instrument, which by recitals upon its face
   purports to be the joint obligation of one as principal and another
   as surety and to require execution by both, and which the former,
   in violation of the instructions and without the knowledge or
   subsequent ratification of the latter, delivers to the obligee with-
   out having signed it, is void.

ERROR to the district court for Lancaster county:
EDWARD P. HOLMES, JUDGE.   *Affirmed.*

*S. L. Geisthardt* and *Mockett & Polk,* for plaintiffs in
error.

*Strode & Strode, contra.*

AMES, C.

These two cases being identical in all essential respects
were consolidated for the purposes of briefs and argu-

ments, and were submitted together and will be decided by a single opinion.

In October, 1899, the board of public lands and buildings entered into a written contract with one C. F. Barras, by which the latter undertook the construction of a building for state purposes. The contract contained the following covenant:

"And the said first parties agree to give to the state of Nebraska a good and sufficient bond in the sum of $10,000, executed by an approved surety company, conditioned for the faithful performance of this contract, and also conditioned for the payment of all labor and material used in the erection of said building."

A statute in force at the time required the board in such cases to take from the contractor a bond conditioned "for the payment of all laborers and mechanics, for labor that shall be performed" pursuant to the contract, but made no provision concerning the material to be furnished thereunder, nor reference to any persons other than those above mentioned. Barras made a written application to the defendant in error, also defendant below, to execute a bond as required by the contract, and undertaking to indemnify it for loss or damages, if any, occasioned by so doing. The defendant, for a consideration, complied with the request, the instrument purporting by recitals upon its face to be the joint obligation of Barras as principal and the defendant as surety. The defendant, after executing it, delivered it to Barras with instructions to sign it and tender it to the board. He delivered it to the board without his signature, and the latter accepted and approved of it in that condition. Barras performed his contract, and, in the accomplishment of that end, sublet the heating and plumbing apparatus requisite therefor to one H. H. Gaffey. Gaffey performed his sub-contract and purchased the material used in so doing from the plaintiffs in error. The board accepted the building and settled with and satisfied Barras, and the latter did the 'ke with Gaffey, but Gaffey has not paid the plaintiffs in

error or either of them. This suit is upon the bond to recover for the heating and plumbing materials above mentioned. Judgments of the district court for the defendants are sought to be reversed by these proceedings. That court found, in substance, correctly, as we think, that there is no evidence that the plaintiffs sold the material to Gaffey with especial intent or view to its use in the building in question, but that presumably the sales were made solely upon faith in and reliance upon his individual credit and responsibility, and that, at the times of the final payments by the board to Barras and by the latter to Gaffey, neither that body nor Barras had been notified or had any knowledge that there was any sum due or unpaid for the materials or any of them on account of which the actions were brought. The relevancy and materiality of these findings, as well as of the fact that the defendant was in like ignorance, are disputed, and may be doubted, except in so far as they have a bearing upon the question whether the materials were furnished with a view and purpose that they should be used in the construction of this building. And this question is itself unimportant, unless it shall be determined that the mechanics' lien law governs or in some way affects the rights of the parties. But in that case, the question having been answered in the negative, the point is not advantageous to the plaintiffs. We are, however, unable to see that the mechanics' lien law is applicable in any way to this transaction, and we will not pursue the subject further. Beyond this, these findings may be regarded as evidence of laches, but whether they are enough such to defeat an otherwise sufficient cause of action need not be decided.

If the instrument in suit is not invalid for lack of due execution, it derives no obligatory force from the statute in so far as it makes reference to material to be used in the erection of the building. *Fidelity & Deposit Co. v. Parkinson*, 68 Neb. 319; *Huck & Co. v. Gaylord*, 50 Tex. 578; *McCluskey v. Cromwell*, 11 N. Y. 593; *Kieldsen v. Wilson*, 77 Mich. 45, 43 N. W. 1054.

So far as this subject matter is concerned, the bond can, we think, be regarded as no more than a common law obligation. The instrument named Barras, the contractor, as principal, and is conditioned "that if said principal shall well, truly and faithfully comply with all the terms, covenants and conditions of said contract on his part to be kept and performed according to its tenor, and shall pay for all labor and material used, then this obligation is to be null and void." It cannot be successfully disputed that Barras fulfilled this condition literally. It is disputed whether Barras's sub-contract with Gaffey was not in violation of his contract with the state, and if it was not therefore itself void and a forfeiture of the latter. But we, cannot understand how that is a matter which concerns the plaintiffs in these actions. The state, at any rate, did not see fit to enforce a forfeiture, and Barras, by the means mentioned, became the owner of the materials used in constructing the building and paid for them in good faith and without knowledge or notice that the person from whom he acquired them had not done likewise; and this was all that the bond or his contract required of him.

The foregoing conclusion suffices to dispose of the case, but another question was strenuously litigated and ought, perhaps, to be decided. The bond was entrusted by the defendant to Barras as its agent, with instructions to affix to it his own signature and deliver it to the board and not to deliver it otherwise. He was an agent therefore for a special purpose and with limited authority. The limitation was expressed in the plainest and most unequivocal terms on the face of the instrument itself, which recites its execution by himself as principal and by the defendant as surety for him only. The obligee is conclusively presumed to have read the instrument and to have known that the delivery by Barras was in excess of his powers as agent. It does not appear that the defendant was ever made aware of that fact until the beginning of these actions. According to a long settled rule of this court the instrument, therefore, never became a contract

by the defendant. *United States Fidelity & Guaranty Co. v. Ridgley,* 70 Neb. 622, and cases there cited. See also *Cutler v. Roberts,* 7 Neb. 4; *Mullen v. Morris,* 43 Neb. 596; *Middleboro Nat. Bank v. Richards,* 55 Neb. 682, and the same rule applies to a statutory bond. *Bollman v. Pasewalk,* 22 Neb. 761; *Gray v. School District,* 35 Neb. 438.

It is contended that the reason for this rule fails in the case at bar because the principal had given the surety a separate contract of indemnity, but the argument is, we think, not good. The indemnity was for the giving of a bond upon which Barras should be bound as principal. Such a bond was never given. It is a matter of indifference whether the surety's reasons for requiring the principal to be bound upon the instrument were good or bad, or were for his advantage or not. It had a right to prescribe such conditions as it saw fit, and to become bound, if at all, only in such manner as it chose. The condition, however, was for its advantage. Had Barras signed the instrument, the defendant would have been entitled to have him made a party to any suit upon it, and, in case of recovery in such suit, to have his property first exhausted for the satisfaction of the judgment, and in case of payment by itself, to have the right of exoneration determined and the amount thereof ascertained without the expense, delay and uncertainty of a suit upon another contract. Note in 90 Am. St. Rep. (*Estate of Ramsay v. People*) at page 193.

For both the foregoing reasons, therefore, it is recommended that the judgments of the district court be affirmed.

LETTON and OLDHAM, C C., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgments of the district court be

AFFIRMED.