Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

E. Sydney Berry, for appellant.
Pollak & Deutsch, for respondent.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

SET-OFF AND COUNTERCLAIM—SUBJECT-MATTER CONNECTED WITH SUBJECT OF ACTION.

Code Civ. Proc. § 505, provides that, in an action against an executor, he may set up as a counterclaim a demand belonging to the decedent, where decedent would have been entitled to set up the same in an action against him. In an action to foreclose a mortgage, the executors of the mortgagor and the other defendants, who allege that they had a beneficial interest in the estate of mortgagor, set up, by way of counterclaim, that prior to the death of mortgagor, and down to the time of the commencement of the action, plaintiff wrongfully maintained a dam, which caused water to overflow the mortgaged premises, and that by reason thereof the premises were reduced in value by an amount for which they asked judgment. *Held*, on demurrer, to be a proper subject of counterclaim by the executors, and, the question being simply the sufficiency of the answer, the counterclaim as to the other defendants was improperly limited in the judgment on the demurrer to such damages as had arisen since the death of the mortgagor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Set-Off and Counterclaim, § 50.]

Appeal from Special Term.

Foreclosure proceedings by the Ft. Miller Pulp & Paper Company against Fred A. Bratt and another, as executors, etc., of Robert Payne, deceased, and others. From an interlocutory judgment on demurrer, which sustained the demurrer to the answers of the executors and overruled the demurrer to the answers of the other defendants, but limited the effect and application of their answers, all the defendants and the plaintiff appeal. Interlocutory judgment sustaining the demurrer to the answers of the executors reversed, and demurrer overruled. Interlocutory judgment as to the other defendants modified, and, as so modified, affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

William E. Bennett (Edgar T. Brackett, of counsel), for plaintiff. Bratt & Van Wormer and Alfred Pagelow, for defendants.

JOHN M. KELLOGG, J. In addition to the ordinary allegations in foreclosure, the complaint alleges that before the death of the mortgagor the superintendent of public works duly instituted proceedings under chapter 147, p. 332, of the Laws of 1903, for the condemnation of a part of the mortgaged premises, that the necessary maps and surveys were filed and served, and that the state engineer, pursuant to such proceedings, had entered and taken possession of the lands, and that the state had permanently appropriated the same, but that adjustment had not been made for the value of the lands taken, and that the remaining lands were not sufficient in value to pay the mortgage debt, and the plaintiff seeks to obtain the moneys due from the state for the lands so appropriated. Among other defenses, the executors of the mortgagor and the other defendants, who allege that they have a beneficial interest in the estate of the mortgagor, set up as a defense, and by way of set-off and counterclaim, that long prior to the death of the mortgagor, and down to the time of the commencement of the action, the plaintiff wrongfully and unlawfully raised and maintained a dam for the storage of waters for its benefit, and caused the waters to overflow the mortgaged premises, injuring and destroying the crops thereon for many years, and that by reason of such overflow the mortgaged premises were reduced in value, and became less valuable and available as security for the bond and mortgage to the extent of $4,000, which sum they seek to recover as a counterclaim.

The trial court sustained the demurrer to this answer of the executors upon the ground that to allow them to counterclaim their damages to the land in this action would be an injustice to other creditors, if any, and overruled the demurrer to the answers of the other defendants, holding that this answer alleged a proper counterclaim, but that no damages which occurred to the premises prior to the death of the mortgagor could be allowed. It is the duty of executors to preserve the estate and to defend it against unjust claims, and when a mortgagee seeks to take from the estate its property, which would be a valid asset for the payment of its debts, if any, it is

the duty of the representative to defend the title of the estate to said property and to urge any counterclaim existing against the mortgage which was available to the decedent in his lifetime. This would not necessarily cause any unjust preference of creditors, for the reason that, if the real estate is saved from the foreclosure, it is available to the creditors, if any. The right of the executors to avail themselves of any counterclaim existing in favor of the testator is recognized by section 505 of the Code of Civil Procedure. In this case the com- plaint tends to show that certain of the mortgaged property has been taken by the state, and the value of the land taken has not yet been paid, and it seeks to recover the money for such land. It is clearly the duty of the executors to contest the right to such money by setting up any counterclaim which their decedent had against the mortgage. The court, upon trial, has power to recognize and protect, so far as necessary, the equities of all persons interested in the estate. Plaintiff seeks to convert a fund which is held as security for the mortgage debt into money, and to apply it in payment of the debt. The defendant alleges that this fund has been depleted and depreciated by the wrongful act of the plaintiff in such a way that it is inadequate for the payment of the mortgage debt, and that the plaintiff has committed a permanent injury to the fund to the extent of $4,000, which is approximately the amount claimed upon the mortgage, and that the plaintiff is continuing these wrongful acts down to the very time when it brings the defendants into a court of equity, and seeks to deprive them of the full title to the property, the substantial value of which it is alleged it has already wrongfully destroyed. The matters alleged in the answer, if true, are available to diminish or defeat the plaintiff's claim, and are connected with the subject of the action. The question before the court was the sufficiency of the answer. In determining that question the court is not called upon to qualify or limit the defendants' proof, or define the extent of the counterclaim. These are matters that can more properly be dealt with by the trial court. The terms of the will, and just what title or interest, if any, the executors, or the persons beneficially interested in the estate, have in this real estate, is not before the court. The executors and the parties beneficially interested all uniting in the claim that the damages accruing in testator's lifetime shall be set off against the mortgage debt, the court is not justified in saying upon demurrer that such set-off cannot be allowed. As before stated, that is a question to be met upon the trial, as the facts and situation develop.

The interlocutory judgment sustaining the demurrer to the answer of the executors is reversed, with costs, and the demurrer is overruled, with costs, with the usual leave to the plaintiff to withdraw the demurrer and reply upon the payment of such costs. The interlocutory judgment as to the other defendants is modified by striking therefrom the following provision: "But the said counterclaim shall be available and is allowed to said defendants for only such damages as have arisen or been done to the lands or premises referred to in such counterclaim since the death of Robert Payne"—and, as so modified,

such interlocutory judgment is affirmed, with costs to the appellants, with the usual leave to the plaintiff to withdraw the demurrer and reply upon the payment of such costs.  All concur.

## FT. MILLER PULP & PAPER CO. v. BRATT et al.

(Supreme Court, Appellate Division, Third Department.  May 8, 1907.)

Appeal from Special Term.

Foreclosure proceedings by the Ft. Miller Pulp & Paper Company against Fred A. Bratt and another, as executors, etc., of Robert Payne, deceased, and others.  From an interlocutory judgment upon demurrer, which sustained the demurrer to the answers of the executors, and overruled the demurrer to the answers of the other defendants, but limited the effect and application of their answers, all the defendants and plaintiff appeal.  Interlocutory judgment sustaining the demurrer to the answers of the executors reversed, and demurrer overruled.  Interlocutory judgment as to the other defendants modified, and, as so modified, affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.