**CITY OF SOMERSET, Kentucky, and Clarence E. Love, Appellants,**

v.

**Thomas H. REID, Appellee.**

Court of Appeals of Kentucky.

Feb. 24, 1967.

Rehearing Denied May 5, 1967.

Viley O. Blackburn, Somerset, for appellants.

Fritz Krueger, Somerset, for appellee.

DAVIS, Commissioner.

The question presented requires interpretation of statutory provisions as they affect the salary of the police judge of Somerset for the term beginning on the first Monday in January, 1966. The trial court held that Somerset's ordinances undertaking to fix the salary at $237.50 per month failed to supersede KRS 26.170 wherein the appropriate salary is fixed at $6,000 per annum. This appeal challenges the propriety of that ruling.

KRS 26.170 became effective June 18, 1964, and provides:

"The police court in cities of the third class shall have one police judge. The judge shall enter upon the discharge of the duties of his office on the first Monday in January next after his election. He shall receive an annual salary of $6,000.00 unless the city legislative body fix such salary by ordinance in which event the salary shall not be less than $2,400.00 per annum. The salary will be paid in equal bi-monthly installments out of the city treasury, and he shall receive no other compensation except the fees allowed to judges for holding examining trials. He shall have each year, a vacation of one month. No person shall be eligible to be police judge unless, at the time of his election, he is at least twenty-four years of age, is a qualified voter in the city, and has been an actual

resident of the city for at least two years next preceding his election."

Somerset is a city of the third class. KRS 81.010.

By an ordinance designated as No. 309, adopted June 28, 1965, the legislative body of Somerset undertook to fix the salary of its police judge for the term beginning on the first Monday in January, 1966, at the sum of $237.50 per month, payable monthly.

The parties stipulated below that a Somerset ordinance had been in effect for several years by which the salary for the police judge was set at $237.50 per month. There appears to be no dispute that the older ordinance had specified the police judge's salary at $237.50 per month, on a term-to-term basis.

The appellee was elected as police judge at the election held November 8, 1965, pursuant to his having filed a petition of nomination in September, 1965, after the adoption of Ordinance No. 309 fixing the salary at $237.50 per month.

There are two other statutory provisions which merit consideration, since they are injected into the contentions of the litigants. The first of these is KRS 64.580, and is thus worded, so far as here pertinent:

"The legislative body of each city shall fix the compensation of every city officer and employe, * * *. In the case of city officers elected by popular vote for terms commencing after June 30, 1950, the annual compensation of the officer shall be fixed by the city legislative body not later than the first Monday in May in the year in which such officers are elected, and shall not be changed during the term. * * * *"

The third statute to be considered is KRS 64.730, which we quote for convenient reference:

"Where any public body is required by KRS 64.480 to 64.760 to fix the compensation of an officer, and of his deputies and assistants, for terms commencing after June 30, 1950, not later than the first Monday in May in the year in which such officers are elected, and the body fails to do so, the compensation of the officer, and of his deputies and assistants, shall be the same as for the preceding term."

The position of appellee, and the one adopted by the trial court, is that KRS 64.730 has no application, and cannot "save" the old salary ordinance which existed prior to June 18, 1964, effective date of KRS 26.170. Moreover, reasons the appellee, Somerset's ordinance No. 309, having been adopted on June 28, 1965, fails of affecting the salary in question because it was adopted after the first Monday in May, 1965, the year in which the election for the office was held.

It is our view that the construction urged by appellee and adopted by the trial judge is not the proper one. We start from the premise that until June 18, 1964, when KRS 26.170 became effective, Somerset was *required* by the provisions of KRS 64.580 to fix the salary of all officers, including the salary of the police judge. That same statute not only required Somerset to fix the salary of the police judge, but provided a deadline not later than the first Monday in May of the year in which the election for police judge was to be held. KRS 64.730 enunciates a "saving" law to provide for instances in which the legislative body of the city may have failed to fix the salary as required by KRS 64.580.

But on June 18, 1964, KRS 26.170 removed the *requirement* that Somerset fix the salary of the police judge. The General Assembly fixed that salary at $6,000. We think it is manifest that Somerset could not be *"required"* to fix the salary of the police judge (as it formerly had been required by KRS 64.580) in face of the subsequent legislative action specifically fixing it.

However, KRS 26.170 did not stop at fixing the salary of the police judge at $6,000. Rather it contains in its provisions an op-

tion permitting the city to fix the salary of its police judge, provided only that the city may not fix that salary at a sum less than $2,400 per year. Conspicuously absent from the provisions of KRS 26.170 is any "deadline" after which the city is precluded from exercising its legislatively granted option to fix the salary of the police judge. We have seen that the General Assembly was careful to spell out a deadline in KRS 64.580, when it required the city to fix the police judge's salary, and we can perceive no basis for assuming that the legislature "forgot" to put a deadline in KRS 26.170. Neither can we discern any basis in law or logic which impels the conclusion that KRS 64.580 yet has the effect of imposing a deadline as to the salary of the police judge. It seems anomalous to us to suggest that KRS 26.170 removed the police judge from the provisions of KRS 64.580 as respects its previous mandate to fix his salary and then in some mysterious and unwritten way left the police judge's salary in that category which is *required* to be fixed before the May deadline.

■ We think our position is buttressed in the fact that the legislature *fixed* the salary of the police judge at $6,000 vis-a-vis the former permissive statute which required only that the minimum for that office should be $600 per year. KRS 26.170 so provided prior to its enactment in its present form in 1964. When that significant change was made in the fiscal responsibility of third class cities the legislature providently afforded the affected municipalities a modicum of "home rule" by permitting them to fix the salary at a lesser sum, so long as it was at least $2,400. It is obvious, therefore, that KRS 26.170 fixed the salary at $6,000 *unless* the city should fix the salary. This meant that the city had the affirmative duty to act, but nowhere was the city told that this important affirmative duty had to be accomplished at a specified time. In our judgment, if the legislature had intended to impose a fixed deadline for this significant municipal action it would have said so in clear terms.

Its pointed omission of such a deadline lends strong support to the proposition that none was intended.

■ We do not reach the question as to whether Somerset could have acted after the filing of nominating petitions, or after the November election. The simple fact is that Somerset acted before either of those events, and all persons desiring to offer themselves for the office were on notice of the emoluments thereof. We conclude that Somerset acted in a timely manner in compliance with the option afforded it in KRS 26.170, and the judgment of the lower court to the contrary is erroneous.

The judgment is reversed with directions to enter a new judgment in conformity with this opinion.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY and PALMORE, JJ., concur.

OSBORNE and STEINFELD, JJ., dissent.

STEINFELD, Judge (dissenting).

The General Assembly did not repeal KRS 64.580. The council fixed the salary after the "deadline." That ordinance was void as to Reid.

The General Assembly set the salary of the police judge at "$6,000.00 unless the city legislative body fix such salary by ordinance * * *." KRS 26.170. Fix means "to establish; give permanence or a permanent character to; make permanent, confirm." Century Dictionary and Cyclopedia. Fix is defined by the Standard Dictionary as "to decide definitely; make sure; settle; determine." Ft. Miller Pulp & Paper Co. v. Bratt, 119 App.Div. 685, 104 N.Y.S. 350, 356. Webster defines the word, "fix" as meaning "to settle or remain permanently." Huck v. Gaylord, 50 Tex. 578, 582. In Woodcock v. Dick, 36 Cal.2d 146, 222 P.2d 667, 669 it was said that to "fix compensation" is to prescribe a rule or

rate by which it is to be determined. The council did not fix a salary.

It is my opinion that the trial court was correct in holding that Reid, Police Judge is entitled to $6,000 salary, per annum.

OSBORNE, J., joins in this dissent.