**CITY OF GLASGOW, Kentucky, a Municipal Corp., et al., Appellants,**

**v.**

**Dale BURCHETT, Police Court Judge, City of Glasgow, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 6, 1967.

Joe L. Travis, Glasgow, for appellants.

Dale Burchett, Glasgow, for appellee.

DAVIS, Commissioner.

Appellants challenge the judgment in a declaration of rights action in which it was adjudged that the appellee is the duly elected judge of the police court of Glasgow, a city of the third class, and that his salary for the current term is $6,000.00 per annum.

The appellants assert: (1) that the appellee vacated the office of city judge by accepting the incompatible position of city attorney of Cave City; (2) the legislature did not intend that KRS 26.170 be construed as mandatory and that it should be qualified by the provisions of KRS 64.580 and 64.730; and (3) that the City of Glasgow did effectively fix the salary of appellee at $300.00 per month as permitted by KRS 26.170.

It is conceded that the appellee was duly elected as judge of the police court of Glasgow for the four-year term beginning January 3, 1966. It is asserted that appellee vacated the office to which he was elected by accepting the office of city attorney of Cave City. This contention is without merit since it plainly appears that appellee merely accepted employment by Cave City, a fifth-class city, as attorney, to advise the city in its legal matters. Appellee is not and has never been a resident of Cave City as required by Kentucky Constitution, Section 234. It is plain, we think, that Kentucky Constitution, Section 165, in proscribing acceptance of incompatible offices does not prohibit the type employment shown to have been accepted by the appellee. It is significant that KRS 69.580, in providing for the office of city attorney in fifth-class cities, envisions and authorizes a city's employment of an attorney who does not reside in the city. Obedient to the mandate of Section 234 of the Constitution, KRS 87.160 prescribes residence and qualifications as a voter in the city as qualifications for officers of fifth-class cities.

In City of Somerset v. Reid, Ky., 413 S. W.2d 611, we construed KRS 26.170 and held that the effect of that legislation was to fix the salary of police judges in third class cities at $6,000.00 per year subject to the right of the cities to change the salary by ordinance to a sum not less than $2,400.-00 annually. We adhere to our ruling in City of Somerset v. Reid, supra. That decision is dispositive of the contention by appellants that KRS 64.580 and 64.730 affect KRS 26.170. By the plain terms of the latter statute the city is required to act affirmatively in changing the already fixed salary of $6,000.00 to any sum not less than $2,-400.00.

The statute requires that such a change be accomplished by ordinance. The City of Glasgow did not enact any ordinance to change or fix the salary of the police judge at a sum different than $6,000.00 per year following the enactment of KRS 26.170. The city council did pass a *resolution* on December 4, 1964, setting the salary of the police judge at $300.00 per month. The record reflects that the vote of the council at that session was six to four in favor of the resolution. That action upon the part of Glasgow's council was not legally adequate to change the $6,000.00 salary already fixed by KRS 26.170. In the first place, the action by the council was not by ordinance as required by the statute. Secondly, the action by the council failed to receive a majority of two-thirds as required by KRS 85.110 (2). While we do not retreat from the rationale expressed in City of Somerset v. Reid, Ky., 413 S.W.2d 611, we find the case at bar clearly distinguishable from it for the reasons we have stated.

The judgment is affirmed.

WILLIAMS, C. J., and OSBORNE, PALMORE, MONTGOMERY, STEINFELD and MILLIKEN, JJ., concur.

EDWARD P. HILL, J., dissents.