**CITY OF WINCHESTER, Kentucky, a municipal corporation, Appellant,**

v.

**Alton S. PAYNE, Appellee.**

Court of Appeals of Kentucky.

Dec. 7, 1973.

Robert Lee Rose, Winchester, for appellant.

Michael A. Rowady, Marshall McCann, Jr., Winchester, for appellee.

GARDNER, Commissioner.

The circuit court adjudged that Alton S. Payne was entitled to additional salary as police judge of the City of Winchester in the sum of $7,600, which covered a period of 38 months. Payne took office November 1, 1966, and received $3,600 per annum in accordance with an ordinance passed in 1961, which provided that the salary of the police judge was $3,600 per year, and was to continue "from term to term until changed by law."

Effective June 18, 1964, KRS 26.170 provided that the police judge "shall receive an annual salary of six thousand dollars ($6,000) unless the city legislative body fix such salary by ordinance in which event the salary shall not be less than two thousand four hundred dollars ($2,400) per annum."

The main question is whether the 1961 ordinance, which fixed the salary at $3,600 and provided that this amount would continue "from term to term," was sufficient to satisfy the alternate of allowing a salary less than that fixed by statute.

We do not find where the precise question has been judicially determined. The court held in City of Somerset v. Reid, Ky., 413 S.W.2d 611 (1967) (referred to in the briefs), that another statute (KRS 64.-580) requiring the fixing of the salary by the month of May was superseded by KRS 26.170 and, therefore, the ordinance dated June 28, fixing the salary of the police judge at $237.50 per month, was valid. That case differs from the present case in that in the former there was an ordinance fixing the salary after the effective date of KRS 26.170. The opinion, in passing, mentioned that an older ordinance (enacted prior to KRS 26.170) fixed the salary at $237.50 per month on a term-to-term basis but there was no decision as to the effect of the ordinance. Another case cited by appellee is City of Glasgow v. Burchett, Ky., 419 S.W.2d 544 (1967), which held that a *resolution* fixing the salary at $300 per month was not sufficient because the statute requires that in establishing a salary of less than $6,000 it must be accomplished by an *ordinance*. So that case is not in point.

 It is our opinion that where the statute provides that the salary shall be $6,000 "unless the city legislative body *fix*

such salary by ordinance" (our emphasis), the legislature used the word "fix" in a future sense so that the ordinance must postdate the effective date of the statute. We conclude, therefore, that KRS 26.170 superseded and made ineffective the 1961 ordinance fixing the salary of the police judge. Accordingly Payne was entitled to the difference between the $6,000 per annum fixed by the statute and the $3,600 per annum he actually received for the period of 38 months.

We see no merit in the city's other contention that recovery should be denied because Payne, as corporation counsel for the city prior to his appointment as police judge should have advised the city commission of the necessity of adopting a new ordinance.

The judgment is affirmed.

All concur, except REED, J., who concurs in result only.