CASE 47. —APPEAL BY McCRACKEN COUNTY FROM AN ORDER OF THE CIRCUIT COURT SUSTAINING AN ORDER OF THE FISCAL COURT OF THE COUNTY ALLOWING W. M. REED, CIRCUIT JUDGE $1200 PER YEAR IN ADDITION TO HIS SALARY.

# McCracken County v. Reed

JOHN K. HENDRICK, Special Judge.

Judges—Compensation—Statutory Provisions—Const. section 235, provides that the salary of public officers shall not be changed during the terms for which they were elected. Acts 1906, p. 443, c. 126, provides that when any county in which a city of a certain class may be located may have a specified population, and no court of continuous session is authorized therein, such county by its board of magistrates, fiscal court, or commissioners, and the city by its council, may pay to the judge of the circuit court district in which the county is located such additional compensation to that paid by the state as they may deem just, not exceeding a certain amount. Held, that an allowance might be made to a judge for an annual additional compensation to be operative after the term of the then incumbent, but that the compensation of an incumbent, could not be changed during his term.

A. W. BARKLEY for appellant.

CAMPBELL & CAMPBELL, CRICE & ROSS and WHEELER, HUGHES & BERRY for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—
Reversing.

At the last General Assembly the following act
was passed:
"An act authorizing any county or subdivision thereof
  containing a city of the second class and in which
  no court of continuous session is authorized by law,
  to supplement the salary of the judge of the circuit
  court district in which said county is located.
  "Be it enacted by the General Assembly of the
commonwealth of Kentucky:
  "Section 1.  That when any county in this com-
monwealth in which there is located a city of the
second class may have a population of not less than
thirty thousand and not more than fifty thousand, and
no court of continuous session is authorized therein,
such county, by its board of magistrates, fiscal court
or commissioners, and said city, by its general council,
either is, or both are, hereby authorized and em-
powered to allow and pay to the judge of the circuit
court district in which said county is located such
annual compensation in addition to that paid by the
State as they may deem just and proper, not exceed-
ing, however, the sum of two thousand dollars per
annum.
  "Sec. 2.  Whenever such additional salary is
allowed, provision for its payment in monthly install-
ments shall be made as salaries of other officers of
such county or city are provided for."  See Acts
1906, p. 443, c. 126.
  Paducah is a city of the second class.  McCracken
county in which it is situated has a population of
not less than 30,000 nor more than 50,000, and no

court of continuous session is authorized there. The appellee, W. M. Reed, is judge of the circuit court. He was elected before the act above referred to was passed. After it was passed the McCracken fiscal court made an order allowing him the sum of $1,200 a year, to be paid monthly, in addition to the salary paid by the State of Kentucky, commencing on April 1, 1908. An appeal was taken from the order of the fiscal court to the circuit court for the purpose of testing the constitutionality of the allowance. The circuit court, a special judge sitting, sustained the action of the fiscal court, and from this judgment the appeal before us is prosecuted.

Section 235 of the Constitution is as follows: "The salaries of public officers shall not be changed during the terms for which they were elected; but it shall be the duty of the General Assembly to regulate, by a general law, in what cases and what deductions shall be made for neglect of official duties. This section shall apply to members of the General Assembly also." It is conceded that the Legislature cannot under this provision change the salary of a public officer during the term for which he was elected; but it is insisted that, as the Legislature has all power except such as is expressly or by fair implication denied it by the Constitution, the Legislature may authorize the authorities of a county or a city to pay a circuit judge in its discretion an additional compensation, if they deem it right to do so; that under such circumstances the compensation of a circuit judge is not changed within the meaning of the Constitution. We cannot concur in this view. The counties of the State are but divisions for governmental purposes. The county governments are but arms of the State. The same is true of the city

governments. What the Legislature cannot do directly it cannot do indirectly through the agency of one of its creations. The purpose of the constitutional provision was to secure to the public officers a certain fixed compensation, so that they would be independent of the Legislature. It was also designed to prevent official power and position from being used by the officer to increase the emoluments of the offices after he secured the office. The constitutional provision would be rendered entirely nugatory, and the door would be opened to every evil which the Constitution intended to prevent, if the Legislature, instead of increasing directly the salaries of public officials after their election, could authorize the fiscal courts or other municipal authorities to make such increase. In fact, this construction of the Constitution would tend to increase the evils which this provision of the Constitution was intended to prevent. The act is not invalid. It is simply inoperative as to circuit judges elected before its enactment or before the annual additional compensation provided for by the act is fixed by the county or city authorities. The county authorities, or the general council of a city, may make an allowance to the circuit judge for an annual additional compensation to be operative after the term of the present incumbent, but his compensation during the term for which he has been elected cannot be changed during his term. We have in a number of cases applied this principle to county judges. Marion County v. Kelly, 112 Ky. 815, 56 S. W. 815, 22 Ky. Law Rep. 174; Butler County v. James (Ky.) 76 S. W. 402, 25 Ky. Law Rep. 801; McNew v. Commonwealth, 123 Ky. 115, 93 S. W. 1047, 29 Ky. Law Rep. 540; McNew v. Nicholas County (Ky.) 125 Ky. —, 100 S. W. 324, 30 Ky. Law Rep.

1147. We have also applied the same principal to other officers. Bright v. Stone, 43 S. W. 207, 20 Ky. Law Rep. 817.

Judgment reversed, and cause remanded for further proceedings consistent herewith.