## Anderson v. Burton, who sues for, et al.

(Decided March 6, 1917.)

Appeal from Pulaski Circuit Court.

1. Officers—Action by Taxpayers to Recover Excess of Salary.—A taxpayer, suing for himself and all other taxpayers of the county, to recover, for the benefit of the county, an excess of salary illegally paid the superintendent of common schools of a county, may maintain the action, although himself liable for no more than a poll tax, as the amount recovered will not be distributed among the taxpayers of the county, but will go into the county treasury for the use of the county.

2. Officers—Increase or Reduction of Compensation—Constitutional Law.—Where the salary of the superintendent of common schools of a county is fixed for each year of his official term by an order of the fiscal court made and entered after his election and before his induction into office, a subsequent order of that court increasing his salary for each year of his official term, made after his induction into office was violative of sections 161-235, constitution, and consequently void.

3. Officers—Increase or Reduction of Compensation—Statutes.—Although the salary of the superintendent of common schools fixed before his induction into office, may have been allowed as provided by section 4419, Kentucky Statutes, and that section, insofar as it conflicts with the act of 1912, now section 4399, Kentucky Statutes, has been repealed; as when fixed it amounted to more than the minimum for each year of his term of office allowed by section 4399, the subsequent increase in his salary, made by the order of the fiscal court entered after his induction into the office, was unauthorized and the order void.

DENTON, KENNEDY & HAYES for appellant.

SIMPSON & PHELPS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

This action was originally instituted in the Pulaski circuit court by Marion Meece, Jr., then a voter and resident taxpayer of Pulaski county, in his own right, and on behalf of all other taxpayers of the county, against the appellant, H. C. Anderson, superintendent of common schools of Pulaski county, and his co-defendants, the county judge and justices of the peace of Pulaski county, named in the petition as composing the fiscal court of Pulaski county, seeking to recover of the appellant, H. C. Anderson, for the benefit of the

county, $729.20, as the aggregate sum alleged to have been illegally overpaid him, by way of salary, as such superintendent for the years 1914 and 1915. It was alleged in the petition that the appellant, Anderson, was at the regular November election, 1913, legally elected superintendent of common schools of Pulaski county, and on the first Monday in January, 1914, upon executing the necessary bond and taking the required oath, was duly inducted into the office in question and has since remained the incumbent thereof. That on December 8th, 1913, following the appellant's election and before his qualification and induction into the office as such superintendent, the fiscal court of Pulaski county made and entered of record an order fixing his salary as superintendent for each year of his term of office, at 8 cents per capita of the pupil children of Pulaski county, entitled to be taught in the common schools thereof; and that the number of pupil children of the county of school age, as shown by the census report of Pulaski county for the year 1914, was 11,784 which at 8 cents per pupil, made the salary of the superintendent for the year 1914, amount to $942.72; that the number of pupil children of school age in the county as shown by the census report for the year 1915, was 12,209, making his salary for that year, at 8 cents per pupil, $976.72. That on the 13th of January, 1914, the fiscal court of Pulaski county, notwithstanding its previous order of December 8th, 1913, fixing the salary of the superintendent for each year of his four years' term of office at 8 cents per capita of the pupil children of Pulaski county, made and entered of record another and second order whereby they illegally fixed the salary of the superintendent for, and during, the four years of his term of office, at $1,-200.00 per annum, which had the effect to illegally change and increase his salary after his induction into the office, from $942.72 to $1,200.00 for the year 1914, and from $976.72 to $1,200.00 for the year 1915; that the second and last order was void and in violation of sections 161-235, constitution, and by reason thereof, the appellant, Anderson, illegally received and was paid for the year 1914, the sum of $257.28 in excess of his salary; and for the year 1915, the sum of $223.28, in excess of his salary, making altogether the sum of $480.52; for the recovery of which judgment was prayed against him. By an amended petition it was alleged that the city of Somerset, county seat of Pulaski county, is a city

of the fourth class and maintains a graded school under the supervision of a city superintendent of schools, who has charge thereof; that the number of pupil children returned by the 1914 census, entitled to attend the Somerset Graded School was 1,510, and for the year 1915, 1,598; and that in fixing the salary of the superintendent of common schools, December 8th, 1913, of Pulaski county, at 8 cents per capita, the pupils in the Somerset graded school should have been, and are required by the common school law of the State to be, deducted from the entire number of the pupil children of Pulaski county, and that such deduction left the total number of pupil children in Pulaski county, outside of Somerset, numbering 10,724 in the year 1914, and 10,611 in the year 1915; and estimating appellant's salary at 8 cents per pupil for the year 1914, it amounted to only $821.92, instead of $942.72, as stated in the original petition; and for the year 1915, his salary at 8 cents per pupil for the 10,611 pupils of that year amounted to $848.88, instead of $976.72, as stated in the original petition. Upon which basis he was paid in salary for the year 1914, $378.08 more than he was entitled to receive, and for the year 1915, $351.12 more than he was entitled to receive, making the total of salary illegally received by him $729.20, for which the prayer of the petition asked judgment against him.

Appellant and his co-defendants filed a special and general demurrer to the petition as amended. The circuit court overruled the general demurrer, but being of the opinion that the county judge and justices of the peace composing the fiscal court, were unnecessary and improper parties to the action, sustained the special demurrer and caused their names to be stricken from the petition as defendants. Shortly thereafter, the appellee, W. Sherman Burton, a resident voter and taxpayer of Pulaski county by intervening petition, concurring in the averments of the petition, as amended, asked to be made a party plaintiff to the action, which the court granted. Following which the plaintiff, Marion Meece, Jr., left this State to take charge of a school in the State of Georgia, which fact being made known to the court, it ordered that the name of Marion Meece, Jr., be stricken from the petition as a plaintiff and that of the appellee, W. Sherman Burton, substituted therefor.

Appellant, by answer, traversed the allegation of the petition as amended. Appellee filed a general demurrer

to the answer, which the circuit court sustained. Appellant refusing to plead further, the cause was submitted and judgment rendered against him on behalf of appellee for the use and benefit of the taxpayers of Pulaski county, for the $729.20 claimed in the petition and costs of the action. Appellant's dissatisfaction with that judgment led to the present appeal.

We have so frequently declared the mandatory character of sections 161-235 Constitution and applied their provisions that it is deemed unnecessary to do more than cite a few of the cases in which they have been considered. Piercy v. Smith, &c., 117 Ky. 990; McNew v. Commonwealth, 123 Ky. 115; McNew v. Nicholas county, 125 Ky. 66; McCracken County v. Reed, 125 Ky. 420; Spalding v. Thornbury, 128 Ky. 533; Thomas v. Hager, 120 Ky. 428. In other words, the law is well settled that where the salary of an officer is fixed before or when he goes into office, it cannot be thereafter changed during the term for which he is elected. So when the fiscal court of Pulaski county on December 8th, 1913, which was after appellant's election as county school superintendent and before his incumbency of the office, fixed his salary for his four years' term of office at 8 cents per capita for each pupil child in Pulaski county, that limited his salary to 8 cents per capita for each pupil child in and for each year of the four years, constituting his official term. Consequently, when the fiscal court, following its reorganization resulting from the November election, 1913, attempted, on January 13th, 1914, by the order then made and entered of record, to fix appellant's salary at $1,200.00 per annum, they were endeavoring illegally to undo what had previously been legally done, December 8th, 1913.

It is, however, insisted for appellant that the order of the fiscal court of December 8th, 1913, was void and, therefore, appellant's salary was never fixed by the fiscal court until January 13th, 1914. This contention is based upon the claim that the salary allowed by the order of December 8th, 1913, was fixed under and by virtue of section 4419 Ky. Statutes, which, it is argued, was repealed by the act of 1912, now section 4399 Ky. Statutes. We are unable to sustain this contention. Section 4419 Ky. Statutes does, it is true, provide that the salary of the superintendent as fixed by the fiscal court shall be not less than 8 nor more than 20 cents for each pupil child, or in amount less than $400.00 nor more than $1,500.00

per annum. It is likewise true that the Legislature in 1912 enacted what is now section 4399 Ky. Statutes, subsection 5 of which provides that the fiscal court shall fix the salary of the superintendent and it shall be not less than $600.00, nor more than $2,500.00. But if this section does, as claimed by appellant, repeal section 4419, in so far as it conflicts therewith, it would nevertheless follow that the fiscal court was acting within its right when it fixed the salary at 8 cents per pupil child, as when so fixed it amounted to more than $600.00, the minimum allowed by section 4399.

It is our conclusion that the order of December 8th, 1913, is valid, and that of January 13th, 1914, is void, and that appellant was not entitled to the excess of salary received by him under the order of January 13th, 1914, in the years 1914 and 1915, aggregating $729.20.

We find no merit in appellant's contention that the appellee, W. Sherman Burton, was without capacity to maintain the action. The cases of Sparks v. Robinson, 115 Ky. 453, and Whaley, &c. v. Commonwealth 110 Ky. 154, relied on by appellant do not sustain his contention. In those cases the recovery of an excessive tax levied and collected was sought in behalf of the plaintiff taxpayers, the recovery to be distributed among them. Hence it was important that the one or more of the plaintiffs, bringing the action for themselves, and on behalf of other taxpayers of the county, should be able to show that the interest they had in the recovery was of so substantial a character as to entitle them to represent the class for which the recovery was sought. In the instant case the appellee is not asking for the return of any money to himself or other taxpayers that was illegally received by appellant by way of salary. What is sued for and recovered will go into the county treasury for the use of the county, which entitles any taxpayer of the county, though he pay only a poll tax, to maintain the action in behalf of himself and all other taxpayers thereof. De-Haven v. Hardinsburg Graded School, 164 Ky. 511.

Judgment affirmed.