Lester GERDING et al., Appellants,

v.

A. L. WALD, Director of Public Finance et al., Appellees.

Court of Appeals of Kentucky.

Dec. 3, 1954.

Rodney S. Bryson, Covington, for appellants.

Morris Weintraub, Newport, for appellees.

WADDILL, Commissioner.

On Deember 28, 1953, the Board of Commissioners of the City of Newport, Kentucky, passed Ordinance No. 891 which raised the salaries of the city commissioners and the mayor. The ordinance was effective January 4, 1954, which was the date when the commissioners, elected in November, 1953, took office. The commissioners are elected for two years, and the mayor for a four year term. Two of the commissioners holding office when the ordinance was passed were re-elected for the term beginning January 4, 1954. The mayor's four-year term does not expire until January 1956.

This declaratory judgment action was instituted by appellee Wald, Director of Public Finance and City Auditor of Newport, as a citizen and taxpayer, against appellants, the City of Newport, the Mayor, and Board of Commissioners, seeking to have the ordinance declared invalid on the ground that it violates the provisions of KRS 64.580. The court held that the ordinance was invalid because it violates Section 161 of the Kentucky Constitution and the provisions of KRS 64.580, and declared that any monies paid out of the city treasury pursuant thereto would constitute an illegal expenditure.

The relevant part of KRS 64.580, reads:

"* * * In the case of city officers elected by popular vote for terms commencing after June 30, 1950, the annual compensation of the officer shall be fixed by the city legislative body not later than the first Monday in May in the year in which such officers are elected, and shall not be changed during the term. This section is not intended to deprive any city legislative body of any authority which it may now have by law to fix the compensa-tion of its own members, within limits fixed by statute, except that no city legislative body may change the compensation of any of its members during his term of office."

This statute plainly states that the first Monday in May in the year in which municipal officers are elected is the deadline for the passage of an ordinance fixing their compensation. In order for the ordinance to be valid under the statute it would have had to be passed not later than the first Monday in May 1953, since 1953 was the year in which the board members were elected.

Appellants claim that the last sentence of KRS 64.580 supports their contention that the ordinance is valid. This part of the section states:

"* * * This section is not intended to deprive any city legislative body of any authority which it may now have by law to fix the compensation of its own members, within limits fixed by statute, except that no city legislative body may change the compensation of any of its members during his term of office."

While this sentence, standing alone, supports the contention of the appellants that the commissioners may, at any time prior to their term of office, fix their own compensation, when it is read in connection with the sentence immediately preceding it, we think the last sentence in the statute merely reserves to the city legislative body the right to fix the amount of compensation of its members within the time fixed under existing law. The purpose of the statute is to inform the public, and the persons who are candidates for these offices, prior to the election, the amount of compensation the elected officials will receive for the ensuing term of office. Any other construction of the statute would nullify the other provisions of the statute and would thwart the purpose for which it was enacted.

Judgment affirmed.