**BELL COUNTY, Kentucky, et al.,**
**Appellants,**

v.

**Harry BALL, Jailer, Appellee.**

Court of Appeals of Kentucky.

May 10, 1957.

Martin Wilson, Pineville, Robert J. Watson, Middlesboro, for appellants.

H. Kelly Clore, James Wilson, Pineville, for appellee.

Jo M. Ferguson, Atty. Gen., Earle V. Powell, Asst. Atty. Gen., as amici curiae.

CLAY, Commissioner.

This controversy raises the question of whether or not a 1954 Amendment to KRS 64.150, which increased the amount of fees allowable to jailers for keeping, dieting and releasing prisoners, when applied to jailers in office at the time of the passage of the amendment, effects a change of compensation prohibited by section 161 of the Kentucky Constitution.

Appellee Ball was duly elected to the office of jailer of Bell County for a term of four years commencing in January 1954. At the time he took office his maximum compensation had been fixed at $7,200 a year by the fiscal court, pursuant to KRS 64.530. However, appellee was not paid this amount as salary, but his entire compensation was derived from fees prescribed by the legislature. At the time he took office these fees were $1.25 per day for keeping and dieting each prisoner in jail and 60 cents for imprisoning and releasing such prisoner. The 1954 amendment to this fee statute (KRS 64.150) increased the fees to $1.75 and 75 cents, respectively.

The fiscal court of Bell County refused to allow appellee's claim based on the increased fees, and this lawsuit resulted. The trial court decided that the increase in the amount of fees did not effect a change of compensation prohibited by section 161 of the Kentucky Constitution.

Insofar as pertinent here, section 161 provides that the compensation of a county officer "shall not be changed * * * during his term of office". Our problem is to determine what was appellee's "compensation" within the meaning of this constitutional provision.

At the outset it may be noted that the actual remuneration of appellee from year to year was variable. Being based upon the number of prisoners in his custody, it would differ from year to year. In addition, this remuneration actually was the difference between the jailer's expenses of caring for prisoners and the fees allowed for such care. As a practical matter, it is difficult to determine whether or not the change in the amount of fees effected a change in the actual earnings of the office.

However that may be, it has been held that when an officer is compensated only by fees, "the same scale of fees must prevail for the same services". James, Auditor v. Duffy, 140 Ky. 604, 131 S.W. 489, 490. Other cases cited by appellants condemn the creation of new fees for certain duties of the office. See Bright v. Stone, 43 S.W. 207, 20 Ky.Law Rep. 817; Commonwealth v. Carter, 55 S.W. 701, 21 Ky. Law Rep. 1509.

In Weber v. True, 304 Ky. 681, 202 S.W. 2d 174, it was held that when officers are paid solely on a fee basis, a change in the amount of fees constitutes a change within the meaning of section 161 of the Constitution.

If there was no other method by which appellee's lawful compensation was ascertainable, the foregoing cases would perhaps be controlling. We are, however, faced with the provisions of KRS 64.530, enacted in 1950. This statute provides specifically:

"The fiscal court of each county shall *fix the compensation* of every county officer and employe. * * * In the case of officers compensated from fees * * * the fiscal court shall *fix the maximum compensation* that the officer may receive * * *." (Emphasis ours.)

Surely this language must have some significance. The legislature has granted authority to the fiscal court to determine the lawful compensation of a jailer during his term of office. This is the compensation which the Constitution provides shall not be changed during the term.

As we have heretofore pointed out, the actual remuneration of the jailer from year to year is variable. While the fees collectible by him are the basis of his compensation, they are not, in view of KRS 64.530,

the measure of it. This is particularly true when we consider the item of expenses that must come out of the fees, which expenses are not part of the compensation. Manning v. Sims, 308 Ky. 587, 213 S.W.2d 577, 5 A.L.R.2d 1154.

We think another consideration important here. Section 161 of the Constitution apparently contemplates a change in compensation by the legislative body authorized to fix it. Since the General Assembly has directed the fiscal court to fix the compensation, and the fiscal court has done so, apparently it is the only legislative body whose acts would effect a change in that compensation.

We, therefore, are in full agreement with the trial court in determining that appellee's compensation within the meaning of section 161 of the Constitution was that fixed by the fiscal court at not to exceed $7,200 a year, and that on the record before us, the change in the fees allowed to the jailer did not effect a change in appellee's compensation.

The judgment is affirmed.

STEWART, J., dissents.