Coleman WRIGHT et al., Appellants,

v.

Ward J. OATES, Appellee.

Court of Appeals of Kentucky.

July 11, 1958.

Charles Dobbins, County Atty., Louisville, Jo M. Ferguson, Attorney General, H. D. Reed, Jr., Asst. Atty. Gen., for appellant.

Paul E. Hunley, Dept. of Finance, Frankfort, for appellee.

CULLEN, Commissioner.

Coleman Wright, Judge of the Shelby Circuit Court, Charles W. Dobbins, County Attorney of Jefferson County, and Ward J. Oates, Commissioner of Finance of Kentucky, submitted to the Franklin Circuit Court, under KRS 418.020, an agreed case presenting the question of the constitutionality, as to circuit judges now in office, of Section 1 of Chapter 25 of the Acts of 1958 (compiled as KRS 64.498), which provides that the compensation of all circuit judges, payable out of the State Treasury, shall be $8,400 per annum (effective July 1, 1958). The circuit court (a special judge presiding) held the statute invalid as to judges now in office. Judge Wright and Mr. Dobbins have appealed.

The statement of submission of the case recites the following facts: There are 58 circuit judges in Kentucky, all of whom were elected in 1957 for terms commencing the first Monday in January, 1958. Prior to the beginning of these terms, the compensation of each circuit judge payable from the State Treasury was $7,500 per annum, as provided by Chapter 123 of the Acts of 1950 (KRS 64.490). However, by the same 1950 Act (KRS 64.500) the county or counties comprising any circuit court district were authorized to supplement the compensation of the circuit judge in such amount as would not make his total compensation exceed the $8,400 maximum fixed by Section 246 of the Kentucky Constitution. Prior to the beginning of the present terms, the compensation of 57 of the circuit judges was supplemented by the counties in their districts in the maximum amount authorized, so that when their terms commenced their total compensation was fixed at $8,400 per annum. The compensation of one of the judges was not supplemented, with the result that at the beginning of his present term his compensation was limited to the $7,500 payable out of the State Treasury. (Upon oral argument before this Court, it is agreed that the statement of submission was in error, in that the fact is that the compensation of two of the circuit judges, rather than only one, was not supplemented by the counties in their districts.)

It was the opinion of the special circuit judge that as to those judges whose compensation had been supplemented, there was no increase in compensation by the 1958 Act such as would violate Section 235 of the Kentucky Constitution, because the total amount of their compensation was not changed, but only the source of payment of a portion of the compensation. However, he believed that the one judge (actually two) whose compensation had not been supplemented was barred by Section 235 from receiving the increased amount provided by the 1958 Act, and he concluded that since the one judge could not receive the increased amount from the State Treasury, none of the judges could, because Section 133 of the Kentucky Constitution requires that the compensation of circuit judges be "equal and uniform throughout the State, so far as the same shall be paid out of the State Treasury."

We think the trial judge clearly was correct in his holding that there was no violation of Section 235 of the Constitution as concerns the judges whose compensation had been supplemented by the counties in their districts. The simple fact is that before the enactment of the 1958 Act these judges were receiving $8,400 per annum as compensation, and under the Act they will receive exactly the same amount—only the source of payment has been altered.

The specific and particular section of the Constitution dealing with the compensation of circuit judges is Section 133. We find in this section, in the statement that the compensation shall be equal and uniform "so far as the same shall be paid out of the State Treasury," an implicit recognition that part of the compensation may be paid from other sources than the State Treasury. At the same time, it is clear that the payments from other sources are simply a part of the overall "compensation" of the judge, which is required by Section 133 to be "an adequate compensation to be fixed by law," and the overall compensation is what is limited by Section 246 of the Constitution, and forbidden by Section 235 to be changed during the term. It was said in McCracken County v. Reed, 125 Ky. 420, 101 S.W. 348, that the county governments, in supplementing the salaries of circuit judges, are "but arms of the state," and the decision in that case, that a county could not allow a circuit judge supplemental compensation after the beginning of his term, is sound precedent for our present opinion that Section 235 is not concerned with the sources of compensation, but with the overall amount.

Counsel for the Commissioner of Finance points to certain language in Bell County v. Ball, Ky., 302 S.W.2d 131, to the effect that Section 161 of the Constitution (which is similar to Section 235) contemplates a change in compensation by the legislative body authorized to fix it. He argues that this constituted a holding that where, as was the case here, there are two legislative bodies authorized to pay compensation, a change by either one will violate Section 235, regardless of whether there is any actual change in the total compensation paid. The language is not subject to that construction. The Bell County case involved a *fee* officer, and the holding was that where the fiscal court had exercised its statutory authority to fix the maximum compensation of the officer, an Act of the legislature increasing certain of his fees did not and could not operate to increase the compensation above that fixed by the fiscal court. In fact, the holding was, in effect, that a change with respect to the sources of compensation did not constitute an unconstitutional change of compensation, which is in full accord with our announced view in the case before us. Under the 1958 Act here in question, the state has merely assumed a burden that formerly rested upon the counties, and the power of the counties to fix compensation has been taken away. So the language in the Bell County case has no application.

We agree with the trial judge that as to the one judge (actually two) whose salary was not supplemented, the 1958 Act would constitute an increase in his compensation in violation of Section 235 of the Constitution, *standing alone*. However, we do not concur in his conclusions as to the application of Section 133 in this situation. His opinion was, in substance, that the "equal and uniform" clause of Section 133 must be subordinated to Section 235, and if one judge is barred by Section 235 from receiving a certain salary from the State Treasury, then all are barred. We think the proper construction of Section 133 leads to exactly the opposite conclusion.

As was stated in Stone v. Pryor, 103 Ky. 645, 45 S.W. 1053, decided in 1898 only a few years after the present Constitution was adopted, the predominant spirit and intent of the people of Kentucky in adopting the Constitution was equality, and this was particularly emphasized in the

sections relating to judges. However, these sections also set forth the mandatory requirement that the compensation be *adequate,* which requirement does not appear in the Constitution with respect to any other offices. So the Constitution requires that judges' salaries be equal and uniform, and adequate. To hold that no judge can be paid the salary determined by the legislature to be the adequate salary, merely because its payment would as to one judge violate Section 235, would be to nullify the plain purpose and intent of Section 133.

■ It is our opinion that where a conflict arises, as here, in the application of Sections 133 and 235, it is Section 235, and not 133, that must give way. This is because Section 133 is specific and particular as to judges' compensation, while Section 235 is general in its application. See 50 Am.Jur., Statutes, Sec. 367, p. 371. Accordingly, the requirement of Section 133 that the compensation be equal and uniform, and adequate, must be given effect so as to validate the payment of the compensation fixed by the 1958 Act to all of the judges, even though as to one (or two) of them there would be a literal violation of Section 235.

■ The substance of our holding is that when the legislature increases the compensation payable out of the State Treasury to circuit judges, and its payment to some of the judges would not violate Section 235 of the Constitution, but its payment to others would violate Section 235, the equal, uniform and adequate clause of Section 133 requires that there be equality and uniformity in the payment of the new compensation, and not in the old. This means that all of the circuit judges are entitled to the compensation of $8,400 fixed by the 1958 Act.

Our conclusion is that the 1958 Act is not invalid as to any of the judges now in office.

The judgment is reversed, with directions that judgment be entered in conformity with this opinion.