**CITY OF MAYSVILLE et al., Appellants,**

v.

**Russell GREENLEE, Appellee.**

Court of Appeals of Kentucky.

Oct. 6, 1967.

Robert G. Zweigart, Royse & Zweigart, Maysville, for appellants.

Michael A. Rowady, Winchester, for appellee.

CLAY, Commissioner.

Plaintiff appellee, police judge of the appellant City of Maysville, recovered judgment against the city for the difference between the salary of $2400 per annum established by an ordinance and $6000 which he alleges was prescribed by KRS 26.170. The city appeals.

KRS 26.170, which became effective in June 1964, provided for a salary of $6000 unless the city legislative body fixed the salary by ordinance at not less than $2400 per annum. On June 8, 1965, the city commission passed such an ordinance. This was prior to the time appellee filed for the office of police judge and prior to the primary election date. It is appellee's position that the ordinance was void because nòt enacted prior to the first Monday in May 1965, as prescribed by KRS 64.580.

The facts in this case and the questions of law are almost identical with those considered in City of Somerset v. Reid, Ky, 413 S.W.2d 611. Under the authority of that case (which the trial court did not have an opportunity to consider), the ordinance was valid and effectively fixed appellee's salary at $2400 per annum. Therefore the appellant city was entitled to judgment dismissing appellee's claim for additional compensation.

The judgment is reversed with directions to enter judgment in conformity with this opinion.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY, and PALMORE, JJ., concur.

STEINFELD and OSBORNE, JJ., dissent.

STEINFELD, Judge (dissenting).

For the reasons expressed in the dissenting opinion in City of Somerset v. Reid, Ky., 413 S.W. 2d 611 (1967) I respectfully dissent.

OSBORNE, J., joins in this dissent.