Aldon DENNIS et al., Appellants,

v.

Joel C. RICH et al., Appellees.

Court of Appeals of Kentucky.

Nov. 8, 1968.

Warren B. Miller, Dixon, for appellants.

Ridley M. Sandidge, Sandidge, Holbrook, Craig & Hager, Owensboro, for appellees.

STEINFELD, Justice.

A suit was filed against Joel C. Rich, county attorney, and the members of the Fiscal Court of Webster County by taxpayers in which they attacked a resolution of the fiscal court pertaining to the salary of the county attorney. On motions for summary judgment made by all parties (CR 56.01) the trial court held the resolution valid from which judgment the taxpayers now appeal. We affirm.

For a proper determination of the issues herein, and because of the public question

involved, we deem it necessary to review and discuss the applicable sections of the constitution and the pertinent statutes. Section 161 of the Kentucky Constitution states that: "The compensation of any city, county, town, or municipal officer shall not be changed after his election or appointment, or during his term of office; * * *". Similarly Section 235 provides: "The salaries of public officers shall not be changed during the terms for which they were elected; * * *." From those two sections the policy of this state is clearly apparent that compensation for "* * * any city, county, town, or municipal officer * * *" and "public officers" shall not be altered after the term begins. Section 246 declares certain salary maximums.

KRS 64.530 directed the fiscal court of each county to "fix the compensation of every county officer." Bell County v. Ball, Ky., 302 S.W.2d 131 (1957). It also provided that "In the case of officers compensated from fees, or partly from fees and partly by salary, the fiscal court shall fix the maximum compensation that the officer may receive, from both sources, * * *". It continued by providing that "the annual compensation of * * * the (county) officer * * * shall be fixed by the fiscal court not later than the first Monday in May in the year in which such officers are elected, and shall not be changed during the term." [1]

On April 27, 1965, a resolution referring to the county attorney to be elected in November 1965 for the term beginning the first Monday in January 1966 was adopted by the Webster County Fiscal Court. The resolution stated: "The County Attorney shall receive a salary of $3,000.00 and shall keep all fees as prescribed under existing statutes not exceeding the maximum allowed by law." This resolution was part

of an order establishing the annual compensation of all county officials of that county together with their deputies and assistants. In addition to the language quoted just above it contained the following:

"The annual compensation of the county officials together with their deputies and assistants shall be paid in equal monthly salaries in the following manner, with a maximum of $9,600.00 for each and every elected official, subject to the approval of the Court of Appeals in the action of Commonwealth of Kentucky vs. Virginia Herch, and L. Feliz Joiner vs. A. T. Houser, File No. W–164–65 or any other Judgments or legislative acts relative to maximum compensation of elected officials." [2]

No further action was taken by the fiscal court with respect to compensation for the county attorney until April 12, 1966. Meanwhile, in November 1965, appellee, Joel C. Rich, was elected county attorney and took office the first Monday in January 1966. Ky.Const., Section 99.

The County Officials Act of 1964 (Chapter 109, Section 3) which pertained to salaries of county officials did not include county attorneys. Apparently in order to correct the omission on March 4, 1966, the General Assembly amended KRS 69.005 (renumbered by the statute reviser as KRS 64.535) so that when amended it read: "The * * * county attorney * * * shall receive an annual salary of $9600.00 to be paid solely out of statutory fees and salaries received by him during the calendar year." In the same bill it amended KRS 64.530(1) so that it provided that: "The county attorney * * * shall receive a reasonable annual salary to be fixed by the fiscal court. In addition to such salary, the county attorney shall also

---

1. KRS 64.730 covered the situation where the fiscal court failed to fix compensation before the first Monday in May of the election year by providing that the salary should be the same as that which had been fixed for the preceding term.

See Funk v. Milliken, Ky., 317 S.W.2d 499 (1958). The salary for the preceding term had been $2,500.00.

2. Commonwealth v. Hesch, Ky., 395 S.W. 2d 362 (1965).

be entitled to the statutory fees of his office, provided his annual salary as fixed by the fiscal court plus the fees of his office shall not exceed $9600.00." When amended KRS 64.530 retained the language that the "* * * annual compensation * * * shall be fixed by the fiscal court not later than the first Monday in May in the year in which such officers are elected, and shall not be changed during the term." It also said: "On or before August 1, 1966, the fiscal court shall fix the salary provided herein for county attorneys for the term commencing in January, 1966, notwithstanding any other provisions of this section which may be inconsistent herewith." These amendments were included in Chapter 15, Sections 1 and 2 of the 1966 Kentucky Acts and they did not become effective until June 16, 1966.

On April 12, 1966, the fiscal court resolved "* * * that the salary of the county attorney be raised to $7,200.00 for this current budget and that this current budget be amended to $7,200.00 salary."

The taxpayers claim that the action taken in April 1966 was an increase in compensation in violation of Sections 161 and 235 of the Constitution. They cite Adams v. Slavin, 225 Ky. 135, 7 S.W.2d 836 (1928); Shamburger v. Duncan, Ky., 253 S.W.2d 388 (1952); Burchett v. Leslie, Ky., 311 S.W.2d 551 (1957) and Smith v. Harlan County Fiscal Court, Ky., 329 S.W.2d 61 (1959). Alternately, they contend that if the action of the fiscal court taken on April 12, 1966, did not violate the constitution the salary of $7,200.00 is excessive and that the action of the fiscal court did not comply with KRS 64.530(1) as amended. On this latter point they state specifically that the action of the fiscal court was merely an approval of the budget and did not "set the salary of the County Attorney for the term retroactive to January 1, 1966,". We find no merit in this last contention.

Appellants admit that in Commonwealth v. Hesch, Ky., 395 S.W.2d 362 (1965) and Matthews v. Allen, Ky., 360 S.W.2d 135 (1962), we held that there could be adjustments in salaries under certain circumstances, however, they argue that "Neither the Allen case nor the Hesch case can be quoted as authority for permitting a retroactive raise in salary as provided for in" KRS 64.530(1). In *Allen* circuit judges, and in *Hesch* county officials were chained to unrealistic maximum salaries which was not the case in the Joel C. Rich situation which now confronts us. Appellants concede arguendo that "The 1965 fiscal court could have set the county attorney's salary for the ensuing term under the existing laws at $7,200.00, but it did not, * * *".

That part of the amendment to KRS 64.530 which directed that "On or before August 1, 1966, the fiscal court shall fix the salary provided herein for county attorneys for the term commencing in January, 1966, * * *" can have no force or effect because of the provisions of the constitution hereinabove referred to unless the salary specified by the fiscal court in April 1965 was not a "reasonable annual salary."

■ County attorneys receive their compensation from both salary and fees. It is well settled that both salary and fees must be considered when applying Sections 246, 235 and 161 of the Constitution. Wright v. Oates, Ky., 314 S.W.2d 952 (1958) and Bell County v. Ball, Ky., 302 S.W.2d 131 (1957).

Appellees rely upon Wright v. Oates, supra, and Bell County v. Ball, supra, which they argue stand for the proposition that "* * * a change with respect to the sources of compensation did not constitute an unconstitutional change of compensation." They assert that the fiscal court intended that Rich have $9,600.00 from salary and fees and that the latter adjustment in salary did not affect his overall compensation. It is apparent to us that his compensation could have been affected by the increase in salary amount.

This court often has held that Section 161 of the Constitution did not prohibit the administrative body from fixing a salary

after the official took office in cases where the compensation had not been fixed prior thereto. City of Louisville v. Wilson, 99 Ky. 598, 18 Ky.Law Rep. 427, 36 S.W. 944 (1896) and Perkins v. Cumberland County, 294 Ky. 737, 172 S.W.2d 651 (1943). In Anderson v. Burton, 174 Ky. 456, 192 S.W. 519 (1917), we held that where an official's salary was not fixed before his election it could be fixed before he took office and not thereafter raised.[3]

Section 161 has been held to mean that once the compensation has been properly fixed it may not be "scaled up or scaled down". Sparks v. Boggs, Ky., 339 S.W.2d 480 (1960). We said in Roberts v. Walker, 227 Ky. 591, 13 S.W.2d 761 (1929), the evidence failed to show that a salary had been fixed before the election, therefore, it was proper that one be established thereafter. Also see Upton v. Whitley County, Ky., 256 S.W.2d 3 (1953). Fixing the compensation of the county attorney one day late was held not to invalidate the order. Webster County v. Vaughn, Ky., 365 S.W.2d 109 (1962).

From time to time increased compensation after election has been approved when additional services were required of the officer. Slayton v. Rogers, 128 Ky. 106, 107 S.W. 696 (1908); Thomas v. O'Brien, 138 Ky. 770, 129 S.W. 103 (1910); Shannon v. Combs, 273 Ky. 514, 117 S.W.2d 219 (1938) and Hopson v. Department of Revenue, 298 Ky. 635, 183 S.W.2d 812 (1944). In Robinson v. Elliott County, 236 Ky. 63, 32 S.W.2d 554 (1930), we said that the legislature may enact a law providing for special services and compensation therefor to public officers and that if the fiscal court had not authorized payment for such additional services before the official was inducted into office the allowance could be made thereafter. Fringe benefits granted after induction into office were held not to contravene Section 161 of the Constitution. Steinfeld v. Jefferson County Fiscal Court, 312 Ky. 614, 229 S.W.2d 319 (1950).

Changing the scale of fees during the term of office of a county official was approved in Bell County v. Ball, supra, and in Howell v. City of Ashland, 239 Ky. 349, 39 S.W.2d 468 (1931). In Ball the fees allowed a jailer for keeping, dieting and releasing prisoners had been increased. In Howell a city ordinance raised the per meal allowance to a jailer.

■ This policy has been declared to be consonant with the direction that salaries should not be changed after the election and we continue to adhere to that principle. Nevertheless, we conclude that it is absolutely essential to the conduct of government that public officials receive adequate compensation for services but that they should not be paid in excess of that which is reasonable. In City of Frankfort v. Triplett, Ky., 365 S.W.2d 328 (1963), we held that reduction in salary "was arbitrary and unreasonable and the ordinance was subject to judicial attack as an abuse of discretion. Const. § 2." As we said in Triplett "that the office of police court clerk * * * requires a person of more than passing capabilities and character, * * *" we observe that the office of county attorney requires that the person be a practicing lawyer for at least two years. Kentucky Const. Section 100. Section 161 presupposes an act by the fiscal court which results in establishing reasonable compensation for the services to be rendered by an official having those qualifications. He is entitled to no less. Commonwealth v. Hesch, Ky., 395 S.W.2d 362 (1965); 43 Am.Jur. 140, Section 347.

■ Stone v. Pryor, 103 Ky. 645, 45 S.W. 1053, 1136, 20 Ky.Law Rep. 312 (1898) approved the following from Purcell v. Parks, 82 Ill. 346: "It was the duty of the county board to have fixed the compensation before the election. Not having done so, the power remained unexhausted, and the board might have been compelled, either before or after the term began, to exercise the power and fix the same." In

3. KRS 64.730 was enacted to provide for this situation.

Kendall v. Stafford, 178 N.C. 461, 101 S.E. 15 (1919), in discussing the term "fix salary" it was said that " * * * its ordinary meaning is to make permanent something that is unsettled, * * *". The trial court held that the order of the fiscal court of April 27, 1965, part of which was heretofore quoted in this opinion, "simply made certain that a portion of his (county attorney's) compensation should be paid out of the county treasury, the rest to be collected from fees and collections." and that this was not finally fixing the compensation as contemplated by the Constitution. We agree. It appears to us that action also was to comply with that part of KRS 64.530 which directed that "In case of officers compensated * * * partly from fees and partly by salary, the fiscal court shall fix the maximum compensation that the officer may receive from both sources * *" and was for the purpose of preventing the salary for the preceding term becoming the salary for the new term as it would have because of KRS 64.730.

 It should be noted that the April 1965 resolution of the fiscal court referred to Commonwealth v. Hesch, supra, and contemplated "legislative acts relative to maximum compensation of elected officials." Hesch was decided finally on October 29, 1965, and the legislation to bring county attorneys under the County Officials Act was enacted on March 4, 1966. Under the unusual circumstances it is our opinion that the salary fixing "power remained unexhausted" and that the salary was fixed for the first time by the resolution of April 12, 1966. This was not contrary to the Constitution. Smith v. Harlan County, Ky., 329 S.W.2d 61 (1959).

Appellant charges that $7,200.00, the amount fixed on April 12, 1966, was excessively unreasonable. The contrary was held below. Courts may not decide that a legislative or administrative body has fixed unreasonable compensation unless it is clearly shown that the action was in derogation of lawful duty and authority. 20

C.J.S. Counties § 124, p. 935. The discretion is in the body authorized to set the compensation, "but this discretion must be exercised in accordance with established principles of justice and not arbitrarily or capriciously, fraudulently, or without factual basis." Commonwealth ex rel. Meredith v. Frost, 295 Ky. 137, 172 S.W.2d 905 (1943); Shreve v. Taylor County, Ky., 419 S.W.2d 779 (1967); Osborne v. Bullitt County Board of Education, Ky., 415 S.W. 2d 607 (1967); 2 Am.Jur.2d 503, Section 650 and 43 Am.Jur. 139, Section 345. The record does not show improper action by the fiscal court.

The judgment is affirmed.

MILLIKEN, OSBORNE, PALMORE and WILLIAMS, JJ. concur.

MONTGOMERY, C. J. and HILL, J. dissent on the grounds stated in the dissent in Commonwealth v. Hesch, Ky., 395 S.W. 2d 362.