Bill WELLS et al., Appellants,

v.

John H. ROBERTS, Appellee.

Court of Appeals of Kentucky.

Oct. 17, 1969.

Rehearing Denied Jan. 30, 1970.

Joe P. Hobson, Prestonsburg, for appellants.

W. W. Burchett, Prestonsburg, for appellee.

STEINFELD, Judge.

In the 1963 November election, appellee, John H. Roberts, was elected Mayor of the City of Martin, Floyd County, Kentucky, for a four-year term beginning January 6, 1964. No salary for that term was fixed until the date Roberts took office. On that date the city council set his salary as Mayor at $100.00 per month and he was paid at that rate for the first twenty-four months of his term. A new city council, the appellants, was elected in November 1965 and took office in January 1966. Immediately, it rescinded the order of the former city council fixing Roberts' salary and he received no compensation thereafter. He performed all of the duties of his office until November 1, 1966, when he resigned.

On December 1, 1966, appellee filed this action against the members of the city council, the then Mayor, and the City of Martin, seeking to recover the sum of $900.00 which he alleged was unpaid salary due him. Appellants answered and coun-terclaimed denying liability and sought to recover $2,400.00 paid to Roberts as Mayor for the first two years of his term. Appellee tendered an amended complaint claiming $1,000.00 rather than $900.00. The court failed to rule upon the tender of this amendment but when the case was submitted upon a stipulation of facts it adjudged that Roberts recover $1,000.00, which was equivalent to permitting the amendment to be filed. CR 15.02.

Appellants contend upon this appeal which we allowed, only that the action of the city council on January 6, 1964, fixing the compensation of appellee as Mayor was illegal and void. They rely upon the provisions of KRS 64.580, which provided [1] in part as follows:

"* * * In the case of city officers elected by popular vote for terms commencing after June 30, 1950, the annual compensation of the officer shall be fixed by the city legislative body not later than the first Monday in May in the year in which such officers are elected, and shall not be changed during the term. * * *."

They cite Gerding v. Wald, Ky., 273 S.W. 2d 362 (1954); City of Somerset v. Reid, Ky., 413 S.W.2d 611 (1967), and City of Maysville v. Greenlee, Ky., 419 S.W.2d 551 (1967). In Gerding we wrote of KRS 64.580:

"This statute plainly states that the first Monday in May in the year in which municipal officers are elected is the deadline for the passage of an ordinance fixing their compensation. In order for the ordinance to be valid under the statute it would have had to be passed not later than the first Monday in May 1953, since 1953 was the year in which the Board members were elected."

City of Somerset v. Reid, supra, involved litigation over the police judge and the effect of KRS 26.170 on KRS 64.730.[2]

1. KRS 64.580 was amended 1968.

2. KRS 26.170 became effective June 18, 1964.

There the salary was fixed before " * * the filing of nominating petitions * * *" and the question whether the city could have acted afterwards was not determined, but we said that " * * * nowhere was the city told that this important affirmative duty had to be accomplished at a specified time." The same situation existed in City of Maysville v. Greenlee, supra. Neither of those cases determines the right of a city to fix the salary of the *Mayor* after the " * * * first Monday in May in the * * *" election year or at a time after the election.[3] Dennis v. Rich, Ky., 434 S.W.2d 632 (1968), construed similar statutes pertaining to situations in which no salary had been fixed for a *county official* before his election. We cited and discussed cases holding it could be fixed afterwards.

KRS 64.730 provides as follows:

"Where any public body is required by KRS 64.480 to 64.700 to fix the compensation of an officer, and of his deputies and assistants, for terms commencing after June 30, 1950, not later than the first Monday in May in the year in which such officers are elected, and the body fails to do so, the compensation of the officer, and of his deputies and assistants, shall be the same as for the preceding term."

No where in the record is any showing of the compensation to Mayor Frye, the predecessor to Mayor Roberts, but the parties stipulated that:

"The City Council did not during the month of May or at any time prior to the time the preceding mayor, Haskell Frye, took office, did not fix his salary as Mayor and if the salary paid to him was paid, no order was ever entered by the City Council fixing such salary."

We wrote in Dennis v. Rich, supra, "This court often has held that Section 161

of the Constitution did not prohibit the administrative body from fixing a salary after the official took office in cases where the compensation had not been fixed prior thereto. (citing cases). In Anderson v. Burton, 174 Ky. 456, 192 S.W. 519 (1917), we held that where an official's salary was not fixed before his election it could be fixed before he took office and not thereafter raised." We noted that KRS 64.730 was enacted to provide for this situation.

For a determination of the rights of the parties it is essential that the compensation, if any, to the predecessor Mayor be revealed. Though it is not the usual practice of this court to send cases back for further proof when a litigant has failed to provide the evidence necessary to a proper resolution of the controversy, public funds and a public question are involved. Hence, we deviate from our custom.

■■■ The law contemplates that reasonable salaries be paid to public officials and there is no contention here that $100.00 per month is an excessive salary for the Mayor of Martin. The ordinance upon which Roberts relies was adopted on a date later than that set by KRS 64.580. The burden was on him to establish, under the principles announced herein, his right to the salary he claims, through a showing that KRS 64.730 does not apply. He must now meet that burden and shall be given an opportunity to do so. If it be found that there was no monetary compensation legally paid to Mayor Frye, or if the court finds that the compensation to him was not in a reasonable amount, then it is our opinion that KRS 64.730 is not operative and the rules we announced in Dennis v. Rich, supra, control, in which case the city council acted properly in setting the salary of Mayor Roberts on January 6, 1964. Conversely, if there was reasonable monetary compensation to Mayor Frye, KRS 64.730

3. City of Glasgow v. Burchett, Ky., 419 S.W.2d 544 (1967), involved a related question.

was operative and an equal rate was all that Mayor Roberts was entitled to receive.

The judgment is reversed for proceedings consistent with this opinion.

All concur.