## Standard Printing Co. v. Miller et al.

December 10, 1946.

As Modified on Denial of Rehearing

Feb. 14, 1947.

William B. Ardery, Judge.

Woodward, Dawson, Hobson & Fulton for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellees Miller, Croley, and Rose.

Lawrence S. Grauman for appellees, Earl K. Snow & Co., and Earl K. Snow, individually.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

Upon failure of the Attorney General to grant a request that he institute a similar action, appellant, as a taxpayer and for the use and benefit of all the taxpayers of the Commonwealth, filed this action against appellees, Clarence Miller, Commissioner of Finance of the Commonwealth of Kentucky; John W. Croley, Director of the Division of Purchases and Public Properties of the Commonwealth; David B. G. Rose, Superintendent of Public Printing of the Commonwealth; Earl K. Snow, individually; and Earl K. Snow & Company, a partnership, the successful bidder for the current contract for second-class printing with the Commonwealth. The contract in consideration was let December 14, 1942, for the term commencing January 1, 1943 and ending December 31, 1946. The petition alleges that Earl K. Snow & Company has failed to perform its obligation under the contract, in that the record books supplied by it to the various county court clerks of the State do not meet the specifications called for by the contract. It is alleged further that samples of the materials furnished to the counties were submitted to the Department of Finance, under which the Division of Public Printing operates, and that the Department approved them, although they showed the material did not meet the specifications of the contract, and that "such samples were approved through *either* fraud *or* mistake, as the record books which Earl K. Snow & Co. is actually delivering to the counties in no way conform to the contract of December 14, 1942." (Emphasis ours.) Upon these allegations appellant prayed for (1) a mandatory injunction requiring Miller, Croley, and Rose, in their official capacities, to cancel the Snow contract; (2) that Earl K. Snow & Company be adjudged to be an irresponsible bidder and, as such, prohibited from bidding on either the unexpired portion of the contract of December 14, 1942, or on subsequent contracts; and (3) that Miller, Croley, and Rose be enjoined from considering any bid which may be submitted by either Earl K. Snow & Company or Earl K.

Snow for the unexpired portion of the present contract and the contract to be let for the four-year term commencing January 1, 1947.

Conceding, without deciding, that a taxpayer has the right to maintain this character of proceeding, the courts have no right to interfere with the exercise of a discretionary power by an administrative or executive officer, unless the power is being exercised or about to be exercised in a fraudulent or arbitrary manner. 43 Am. Jur., sec. 255, pp. 72, 73; Commonwealth ex rel. Meredith, Atty. Gen., v. Frost, Commissioner of Welfare, 295 Ky. 137, 172 S. W. 2d 905; Lincoln Nat. Bank, Inc., et al. v. County Debt Commission et al., 294 Ky. 642, 172 S. W. 2d 463. An allegation that an officer is acting either through fraud or mistake does not charge fraud, because, since a pleading will be construed most strongly against the pleader, such an allegation must be deemed to charge mere mistake. But were it otherwise, the proof in this case fails to present more than a suspicion to support the contention that the officers fraudulently have approved the samples of materials furnished by Snow, and the record discloses that appellees Miller and Croley are above suspicion; indeed, appellant does not contend that either of these gentlemen has participated in the alleged fraud. The showing of suspicious circumstances is not sufficient to sustain an allegation of fraud which must be proved by clear and convincing evidence. Citizens Nat. Bank of Bowling Green v. Phillips et al., 265 Ky. 73, 95 S. W. 2d 601. The evidence shows conclusively that the materials furnished by Snow do not meet the specifications of the contract. The defense offered by Snow is his inability to comply with the contract by reason of limitation orders of the War Production Board; but we need not consider that question, inasmuch as we must dispose of the case on other grounds.

The evidence in this case fails to show that the State has been, or will be, required to expend, in excess of the value of materials furnished, any amount exceeding the $25,000 performance bond executed by Earl K. Snow & Company. It is apparent from this evidence that the commonwealth has an adequate remedy at law; therefore, appellant is not entitled to injunctive relief requiring the rescission of the contract. Nor do we think he is entitled to prohibit Snow or his Company from

bidding on future contracts, because such relief would be an interference by the courts with an executive or administrative officer of the State in the exercise of a discretionary power. Commonwealth ex rel. Hawkins, County Judge, et al. v. McCrone et al., Magistrates, 153 Ky. 296, 155 S. W. 369; J. B. B. Coal Co. v. Halbert, Judge, 169 Ky. 687, 184 S. W. 1116; Crawford v. Lewis et al., 170 Ky. 589, 186 S. W. 492. It may be that the facts developed by the evidence in this case are sufficient to justify the Department in forbidding Snow or his Company to bid for the additional books to be furnished under House Bill 330, or, if permitted to do so, to reject the bid, even though it be the lowest, upon the ground that his failure substantially to perform the current contract is a fact of sufficient significance to justify the conclusion that the lowest bid will not constitute the best bid.

Since the Chancellor dismissed appellant's petition, the judgment is affirmed.