[Civ. No. 9940. Third Dist. May 16, 1960.]

W. A. ELLIOTT et al., Petitioners, v. THE SUPERIOR COURT OF SOLANO COUNTY et al., Respondents; AMERADA PETROLEUM CORPORATION (a Corporation) et al., Real Parties in Interest.

Hildebrand, Bills & McLeod for Petitioners.

No appearance for Respondents.

McCutchen, Black, Harnagel & Shea, Harold A. Black, Morris M. Doyle, Ray Vandervoort, G. Richard Doty, Pillsbury, Madison & Sutro, Turner H. McBaine, Thomas E. Haven, Richard H. Peterson, Frederick W. Mielke, Jr., John A. Sproul, Roger J. Nichols, O'Hara, Randall & Castagnetto, Martin N. Erck, John F. Runner, Angell, Adams, Gochnauer & Elder, Philip H. Angell, Scott Elder, J. Arthur Tucker, Gibson, Dunn & Crutcher, Julian O. von Kalinowski, John J. Hanson, Hanna & Morton, Harold C. Morton, John H. Blake and Max K. Jamison for Real Parties in Interest.

SCHOTTKY, J.—Petitioners seek a writ of prohibition to restrain The Honorable Raymond J. Sherwin as judge of the superior court of Solano County from proceeding further in the case entitled *W. A. Elliott et al.* v. *Amerada Petroleum Corporation et al.,* now pending before the court.

In September, 1956, petitioners filed an action in the Superior Court of Solano County to recover damages from the defendants in the action for alleged wrongs resulting from the operation of the Rio Vista Gas Field in Solano County. Demurrers to the original complaint and to two amended complaints were sustained with leave to amend. A fourth amended complaint was then filed in which John Aye, individually and as a citizen and a taxpayer, brought an action on behalf of the Sacramento and San Joaquin Drainage District and on behalf of the State Lands Commission, a public

agency of the state of California, both of which own property in the gas field.

Thereafter, on October 16, 1959, the petitioners herein filed a statement in which they sought to disqualify The Honorable Raymond J. Sherwin from proceeding in the matter. The affidavit in support of the statement stated that Judge Sherwin was disqualified to act in the proceedings because of section 170, subdivision 6, of the Code of Civil Procedure. It was contended that the judge was disqualified because the action involved a claim on behalf of the Sacramento and San Joaquin Drainage District and the State Lands Commission. After this document was filed the defendants in the action made a motion to strike the statement of objection and the affidavit in support of it. The matter was heard by Judge Sherwin, and after argument he made an order granting the motion to strike. This petition was then presented to this court and an alternative writ of prohibition was issued.

 Prohibition is the proper remedy to test whether or not a judge is disqualified to act where the facts are not in conflict. An order striking a petition for disqualification from the files is not an appealable order and the remedy by appeal is inadequate. (*Keating* v. *Superior Court*, 45 Cal. 2d 440 [289 P.2d 209].) The defendants in the action have filed a demurrer to the petition so the major question before this court is whether or not the trial court erred in striking the statement of disqualification from the files of the court.

Section 170, subdivision 6, of the Code of Civil Procedure provides in part: "In an action or proceeding brought in any court by or against . . . any drainage district, or any public agency, . . . , affecting or relating to any real property, . . . , a judge of the superior court of the county, . . . , in which such real property, . . . is situated, shall be disqualified to sit or act, and such action shall be heard and tried by some other judge. . . ."

 If the statement of disqualification is legally insufficient the judge may ignore it or strike it from the files. (*Keating* v. *Superior Court, supra*.) The question presented here is whether or not under the facts presented John Aye could sue on behalf of the drainage district and the lands commission or both. The gist of the allegations in the complaint was that both agencies had a cause of action against the defendants because of restriction of production by the defendants pursuant to an unlawful combination in restraint of trade and because of improper practices used by the

defendants in constructing wells and in the operation of the field; that this had been brought to the attention of the drainage district and the lands commission; and that each had refused to join in the suit. It should be noted that there are no facts stated, nor is it contended, that either agency was guilty of fraud or bad faith in refusing to join in the action, so this court is not faced with such questions. ▌ It is the general rule that a taxpayer cannot maintain an action in behalf of the state to enforce a claim or demand inuring to the state itself. (81 C.J.S., States, § 192, p. 1257; *Osborne* v. *Keith,* 142 Tex. 262 [177 S.W.2d 198].) ▌ A court cannot interfere with state officials in the exercise of their discretionary acts. (*Leckenby* v. *Post Printing & Publishing Co.,* 65 Colo. 443 [176 P. 490]; *Standard Printing Co.* v. *Miller,* 304 Ky. 49 [199 S.W.2d 731].) At least this rule applies in the absence of fraud or an abuse of discretion. If a taxpayer could sue on behalf of the state, or one of its agencies, for a cause of action which the state or the agency has refused to assert on a matter within its discretion, the discretion to act would no longer reside in the executive or administrative official but in the taxpayers. Such a result could lead to chaos. As stated in *Osborne* v. *Keith, supra,* at page 200, "Governments cannot operate if every citizen who concludes that a public official has abused his discretion is granted the right to come into court and bring such official's public acts under judicial review. . . ."

As stated in *Dunn* v. *Long Beach Land & Water Co.,* 114 Cal. 605, at page 609 [46 P. 607]:

". . . The rule is that the municipality, through its governing body, has control of the property and general supervision over the ordinary business of the corporation; and there would be utter confusion in such matters if every citizen and taxpayer had the general right to control the judgment of such body, or usurp the office. Where the thing in question is within the discretion of such body to do or not to do, the general rule is that then neither by *mandamus, quo warranto,* or other judicial proceeding, can either the state or a private citizen question the action or nonaction of such body; nor in such cases can a private citizen rightfully undertake to do that which he thinks such body ought to do. It is only where performance of the thing requested is enjoined as a duty upon said governing body that such performance can be compelled, or that a private citizen can step into the place of such body and himself perform it. . . ."

■ The gist of Mr. Aye's complaint was that both governmental agencies had a cause of action against the defendants and that they refused to prosecute it. The allegation is nothing more than an assertion that the matter had been brought to the attention of the proper officials and that they exercised their discretion by refusing to join in the action. In such case a taxpayer may not sue on behalf of a public agency without specific statutory authorization. Since John Aye did not assert a cause of action he could maintain on behalf of the two agencies, the action was not one on behalf of a drainage district or other public agency and was legally insufficient to disqualify Judge Sherwin under the provision of section 170, subdivision 6, of the Code of Civil Procedure. Since the documents were legally insufficient, Judge Sherwin had the authority to strike them from the files.

The alternative writ heretofore issued is discharged and the peremptory writ denied.

Van Dyke, P. J., and Peek, J., concurred.

Petitioners' application for a rehearing was denied June 10, 1960, and their application for a hearing by the Supreme Court was denied July 12, 1960.