P. M. PERKINS and Vincel Pruitt, etc.,
Appellants,

v.

Porter SIMS, James B. Milliken, Brady M. Stewart, John R. Moreman, etc.,
Appellees.

Court of Appeals of Kentucky.

Aug. 17, 1961.

Rehearing Denied Nov. 30, 1961.

Jesse K. Lewis, Lexington, for appellants.

John B. Breckinridge, Atty. Gen., James W. Stites, Louisville, Ben B. Fowler, Frankfort, for appellees.

PER CURIAM.

The regular members of the Court of Appeals having declined to sit in these cases, such fact was certified to his Excellency, the Honorable Bert Combs, Governor of the Commonwealth, who thereupon appointed and commissioned as Special Judges of the Court of Appeals to hear the appeals, D. Bernard Coughlin, as Chief Justice, and Neville Moore, Robert M. Coleman, Bernard B. Davis, Leo T. Wolford, Victor A. Bradley, and Fred G. Francis, as Associate Justices.

These are suits by taxpayers to recover sums from four regular judges of the Court

of Appeals. The taxpayers contend that the judges were improperly granted increases in compensation during the term for which they were elected in violation of Kentucky Constitution, Section 235.

The actions were consolidated and the defendants' motions to dismiss the complaints were sustained.

Judge Porter Sims was elected for an eight-year term in November, 1942 and took office on January 4, 1943. He was a candidate for re-election in 1950. Judges James B. Milliken, Brady M. Stewart and John R. Moremen were candidates for the first time in 1950. Judge Sims was re-elected and the other three were elected for eight-year terms. These taxpayers' suits were all brought in the summer of 1958 while these four defendants were candidates for re-election.

When Judge Sims was first elected in 1942, the maximum annual compensation for any public official, except the Governor, was $5,000 (Ky.Const. § 246). In November 1943, an amendment was submitted to the voters to amend Kentucky Constitution, Section 246, by removing the constitutional limitation on salaries. The amendment was not adopted.

In November 1949, there was again submitted to the voters a proposed amendment to Section 246, which was adopted, and which is now in effect. The amendment provides maximum annual compensation for certain public officials. The maximum annual compensation for judges of the Court of Appeals is $12,000. That section provides

"Compensation within the limits of this amendment may be authorized by the General Assembly to be paid, but not retroactively, to public officers

**1.** The amendment submitted in 1943 which was not adopted authorized the General Assembly to regulate the compensation of public officers, "including those in office and those elected to office at the time of the adoption of this amendment", and

in office at the time of its adoption, or who are elected at the election at which this amendment is adopted".

In Hatcher, Secretary of State v. Meredith, Attorney General, 295 Ky. 194, 173 S. W.2d 665, the Court held that the amendment submitted in 1943, if adopted, would impliedly repeal Sections 161 and 235 of the Constitution as to those in office at the time of its adoption. These sections provide restrictions on increasing [1] or decreasing compensation during any officer's term.

The 1949 amendment to Section 246 became effective March 6, 1950.

By an Act approved March 24, 1950, the compensation of judges of the Court of Appeals was fixed at $9,000 per annum, beginning with July, 1950 (Acts 1950, Ch. 123, p. 528).

By an Act of 1952 (Acts 1952, Ch. 23), the Legislature provided that

"Sec. 1. (1) Commencing, as to each position of Judge of the Court of Appeals, when the next regular terms of office respectively begin, the compensation of Judges of the Court of Appeals, payable out of the State Treasury shall be $12,000 per annum."

By an Act approved March 22, 1954 (Acts 1954, Ch. 234, Sec. 1, p. 643; KRS 64.496), which is under attack here, the annual compensation of all judges of the Court of Appeals was fixed at $12,000 per annum. In that Act the Legislature provided that the compensation of $12,000 per annum for each judge should take effect on January 1, 1955. The preamble to that Act is as follows:

"Whereas, it is required by Section 112 of the Constitution of Kentucky that the judges of the Court of Appeals

that, *"thereafter, the compensation of public officials shall not be increased or decreased during the terms for which they are elected or appointed"*. The words italicized are not in the 1949 amendment.

be paid an adequate compensation for their services; and

"Whereas, this provision of the Constitution means that the compensation of the judges shall be equal, and it was so held in the case of Stone v. Pryor, [20 Ky. 312] 45 S.W. 1053, and

"Whereas, the General Assembly previously has determined that $12,000 is an adequate compensation for the services of judges of the Court of Appeals, but existing legislation provides for the payment of such compensation only upon the commencement of new terms; with the result that one judge of the Court of Appeals is now receiving the compensation so determined to be adequate, and commencing January 1, 1955, another judge would commence to receive such compensation, but the other judges with longer experience on the court would continue for a period of years to receive an unequal and inadequate compensation.

"Now, Therefore, * * *"

The taxpayer plaintiffs contend that Act is unconstitutional in that it violates Section 235 of the Kentucky Constitution, which provides

"The salaries of public officers shall not be changed during the terms for which they were elected * * *".

Clearly, Section 235 would forbid increases in the compensation during the term of officials if that section stood alone, but it must be read in the light of other requirements of the Constitution which require that compensation which is both adequate and equal shall be paid to those officials.

Section 112 provides

"They [judges of the Court of Appeals] shall at stated times receive for the services an adequate compensation to be fixed by law".

The Legislature had determined prior to 1954 that adequate annual compensation for these judges should be $12,000 per annum.

In Stone, Auditor v. Pryor, 103 Ky. 645, 45 S.W. 1053, 1057, the Court held that the payment of adequate compensation to judges of the Court of Appeals was mandatory under Section 112, and that the Constitution required equality in the compensation of Court of Appeals judges. The Court said

"It was not contemplated by the framers of the constitution, or the people that adopted it, that old and experienced judges should have a less salary than the new judges to be elected in November, 1894, and who were to form a part of the new court on the 1st day of January, 1895. The spirit and the intent of the people in adopting this new constitution was equality—equality in salaries, equality in taxation, equality in rights; and it certainly would be unequal and unjust that these old judges, Pryor and Lewis, who had served on the bench for years, should receive a less salary than new judges to be elected, who were without experience in this court of last resort".

The Court said in that case that its views were further fortified by Section 133, which expressly required equality in the compensation to be paid circuit judges.

In Wright v. Oates, Ky., 314 S.W.2d 952, the Court considered an Act of 1958, KRS 64.498, which provided for increasing the compensation of circuit judges, including those who were then in office. It said that Section 235 of the Constitution standing alone would forbid the increase to judges in office at the time with the result that the newer judges would receive more than those older in point of service. The lower court had held that in order to maintain equality the newer judges could not receive the increase provided in the statute until the older judges were eligible. This Court reversed. It said the Constitution requires judges to be paid adequately, which requirement does not appear in the Constitution with reference to any other public officer, and that the uniformity could be pro-

vided by giving the higher compensation instead of the lower to all of the judges. In that case it was held that Section 235 must be read in connection with the other constitutional requirements for (a) adequate compensation, which the Legislature had found to be the higher amount, and (b) the requirement for uniformity.

We are not unmindful that in Shamberger v. Duncan, Ky., 253 S.W.2d 388, the Court permitted inequality to exist in the compensation of county commissioners. That case did not involve judicial salaries which are required to be adequate and equal. The reasoning as to judicial salaries in the later case of Wright v. Oates, supra, sufficiently distinguishes the Shamberger case.

It is significant that the wording of the 1949 amendment to Section 246 contemplates the necessity for simultaneous increases in judges' salaries because it expressly authorized the General Assembly to increase the salaries of "public officers in office at the time of its adoption".

■ Judges of the Court of Appeals are elected for eight-year terms. They are not all elected at the same time. If the increase in their compensation to an amount found to be adequate can only go into effect at the beginning of subsequent terms, then there is bound to be inequality for several years among the several judges and the lower salaries will be paid to those of greater experience. The framers of the Constitution did not contemplate that this should happen or they would not have required adequate and equal compensation to be paid to these judges. Certainly there would be no equality if one judge is receiving annual compensation of $9,000, while other judges are receiving annual compensation of $12,-000. And in view of the legislative finding that less than $12,000 is not adequate, those receiving the smaller amount would not be receiving what the Constitution requires unless there can be equality in the compensation at an amount not less than the Legislature has found to be adequate.

In addition to the claim of excessive salaries, the taxpayer plaintiffs charge that Judge Sims should not have been paid any salary while the Court was in vacation, and that each of the four judges was reimbursed for certain traveling and other expenses incurred in and out of the State "upon authorization and approval by the Department of Finance". There is no claim that the expenses were not actually incurred or that there was any misrepresentation or fraud with respect thereto, but merely the conclusion that they were "illegal and void", and that the payment was "improper".

There are elaborate statutory provisions for the auditing and approval of expenses by the Commissioner of Finance, the State Treasurer, and the Auditor of Public Accounts (KRS 41.110, 43.050, 45.180 and 45.-190), all of which were manifestly complied with. There is no claim that they were not.

■ The orderly system which vests discretionary power in the administrative and executive officers for the payment of expenses may not be interfered with by the courts unless the discretionary power is exercised in a fraudulent or arbitrary manner (Standard Printing Co. v. Miller, 304 Ky. 49, 51, 199 S.W.2d 731, 732).

What we have said disposes of the cases, but some mention should also be made of two other questions raised on motions.

■ The record on appeal was filed on March 11, 1959. Judge Sims died two days later, and his executor was appointed on April 1, 1959. A motion to revive the case against his estate was not filed until February, 1961. This was too late (KRS 395.276; CR 25.01; Ison v. Wolfe, 150 Ky. 34, 149 S.W. 1124).

The appellees moved to dismiss the appeal on the ground that the appellants' brief was not filed until almost exactly two years from the time the record was filed in this Court. The excuse offered by the appellants for the unreasonable delay is that they requested

the regular judges to vacate the bench. This is no excuse. The Clerk's office is always open and the brief for the appellants was long overdue (RCA 1.230).

It is unnecessary to pass on other questions raised in the briefs, and they are reserved.

The judgment of the Franklin Circuit Court is affirmed.