# Burke v. Oates, Commissioner of Revenue.

March 12, 1943.

Lawrence S. Grauman and Harry F. Malone, Assistant County Attorney, for appellant.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

This appeal questions the correctness of a ·declaratory judgment denying Thomas F. Burke, Tax Commis-

sioner of Jefferson County, the right to pay for fluorescent lighting fixtures for his office out of compensation earned by him over and above the compensation of himself and his deputies.

The fiscal court furnished appellant an office lighted in the usual and ordinary manner but as he was engaged in making a complete plat of each parcel of real estate in the county he conceived that the work could be more efficiently performed if fluorescent lighting were installed. Upon refusal of the Department of Revenue to approve the proposed expenditure he filed this action for a declaration of rights.

KRS 132.600 provides that tax commissioners may spend excess compensation earned by them ''for the purchase of any maps, lists, charts, materials, supplies or equipment necessary to the proper assessment of property in the county, and not required by law to be furnished by the county or the state.''

It is appellant's position that the word ''equipment'' used in the statute is broad enough to include fluorescent lighting, while appellee insists that the statute manifests that there was no intention on the part of the Legislature to include an expenditure of this character.

Since the question is as to the intent of the Legislature, to be gathered from the face of the statute, resort to settled rules of construction is proper. One of these rules, often applied by this court in the construction of statutes, is the rule of ejusdem generis, defined in Federal Chemical Co. v. Paddock, 264 Ky. 338, 94 S. W. (2d) 645, 649 as follows:

''The rule of ejusdem generis is that where, in a statute, general words follow a designation of particular subjects or classes of persons, the meaning of the general words will ordinarily be presumed to be restricted by the particular designation, and to include only things or persons of the same kind, class or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose.''

Considering the statute in the light of this rule, we think it was the intention of the Legislature to include in the word ''equipment'' only articles of the same nature as those specifically enumerated, which are articles

that are either consumed in the performance of the clerical work of assessment or whose manual use or operation by the clerical help is necessary thereto. Light fixtures, not being of this nature, were not intended to be included in the term "equipment."

But, aside from the conclusion enunciated, it is also clear from the express terms of the statute that no such expenditure as that here involved may be made. The statute permits expenditures only for such of the enumerated articles as are "not required by law to be furnished by the county or state." Light for the tax commissioner's office is required by law to be furnished by the county and, this being true, necessarily the county must furnish the fixtures requisite to the lighting.

That the county is required by law to furnish light for the office is gathered from KRS 132.410, which requires the fiscal court to provide a suitable office and furniture for the tax commissioner. While light for the office is not specifically mentioned, the duty to supply light should be read into the statute by implication just as much as if it appeared in express terms since the office without light would be so useless as to be regarded as no office at all. The duty to provide the office includes the duty to provide the light and the light cannot be provided without light fixtures.

As a matter of fact the fiscal court, in carrying out its duty, did undertake to provide the office with light and appellant is dissatisfied only with the quality of the light. That is a matter between him and the fiscal court. The statute permits no such expenditure as that contemplated by him since it is an expenditure required by law to be made by the county.

Affirmed.