229 S.W.2d 319 (1950)
312 Ky. 615
STEINFELD, County Attorney,
v.
JEFFERSON COUNTY FISCAL COURT et al.
Court of Appeals of Kentucky.
April 18, 1950.
Lawrence G. Duncan, Louisville, Lawrence S. Poston, Louisville, for appellants.
Edwin H. Stierle, Louisville, for appellees.
VAN SANT, Commissioner.
We are asked to determine whether the Jefferson County Fiscal Court legally may appropriate money to the Jefferson County Police Department for the purchase of uniforms which at all times shall remain the property of the department but shall be worn by members of the police force at such times as they shall be on active duty.
KRS 70.550 recites: "The county court shall have and is hereby granted the power *320 to make, promulgate and amend rules and regulations for the appointment, promotion, transfer, laying-off, suspension, reinstatement, fine and removal of the personnel of the said county police force, the number of hours of each day, week or month the officers and members shall be on duty, and for the standardization and classification of all of the members of said force into groups, grades, and divisions or subdivisions, and for the organization, equipment and maintenance of said police force, subject to the rights of the fiscal court of the respective counties to fix salaries and compensation of all of the officers and employes of said police department, provided, however, that no fees shall be allowed or paid to said officers or employes."
KRS 70.560, in so far as pertinent to the question, provides: "The fiscal court shall, by order, fix the amount of the salary of all appointees within the limitations herein provided and may within their discretion provide for motor vehicles, stations, substations, places of detention, telephone, wireless, radio or other means of communication within their discretion and make appropriate levy and appropriations therefor, * * *."
Pursuant to its construction of KRS 70.550, supra, the County Court of Jefferson County on the 26th day of October, 1949, by order, adopted a regulation to the effect that all members of the Jefferson County Police Force, while on active duty, should wear uniforms to be furnished by the county and directing each member of the force to return his uniform to the department upon ceasing to be a member thereof. The order additionally requested the Jefferson Fiscal Court to make appropriations sufficient and adequate to purchase the uniforms. Pursuant to this request, and its construction of KRS 70.560, supra, the Fiscal Court entered an order appropriating the sum of $500 "out of the general levy" for such purchases.
Being of the opinion that the Fiscal Court has no authority to purchase uniforms for the members of the county police force, the attorney for Jefferson County filed this action under the Declaratory Judgments Act, Civil Code of Practice, § 639a  1 et seq., seeking a declaration in respect to the question. The Chancellor concluded that the Fiscal Court is clothed with such authority and entered judgment accordingly. The appeal is from that judgment.
In seeking reversal of the judgment, appellants invoke the rule of ejusdem generis and the maxim expressio unius est exclusio alterius in construing KRS 70.550 and 70.560, and argue that with such aid the court should construe the statutes as divesting the Fiscal Court of its authority in the premises. In their endeavor to uphold the decision of the Chancellor, appellees contend that the Fiscal Court has implied authority to pay for the uniforms, if such are required to be worn by regulation adopted by the County Court.
Appellants additionally contend that by assuming the obligation to pay for the uniforms, the Fiscal Court, in effect, has increased the compensation of county officers in contravention of Section 161 of the Constitution; and, since most of the members of the police department receive the maximum salary allowed under the provisions of KRS 70.560 and 70.561, the appropriation is invalid. In opposing this contention appellees argue that the furnishing of uniforms is not a part of the compensation or emolument of the office within the meaning of the Constitution; but is, on the contrary, a reasonable expense for equipment of the department.
The rule of ejusdem generis (of the same kind) is that where, in a statute, general words follow or precede a designation of particular subjects or classes of persons, the meaning of the general words ordinarily will be presumed to be restricted by the particular designation, and to include only things or persons of the same kind, class, or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose. Ballentine's Law Dictionary, Second Edition, page 424; Burke v. Oates, Commissioner of Revenue, 293 Ky. 563, 169 S.W.2d 608; 50 Am.Jur. 244. Expressio unius est exclusio alterius, meaning the express mention *321 of one thing implies the exclusion of another (different) thing, is a maxim often, but not universally, applied in statutory construction as an aid in arriving at the intention of the legislature. Ballentine's Law Dictionary, Second Edition, page 474, 50 Am.Jur. 240.
We shall proceed upon the assumption, which we dare say will not be challenged, that the Fiscal Court must make appropriations to defray legitimate and reasonable expenditures of the county police department. KRS 70.550 provides that the County Court shall have the power to make and promulgate rules and regulations for the organization, equipment, and maintenance of the department. It is obvious that in the absence of KRS 70.560 the Fiscal Court would be required to pay for such equipment as the County Court, in the exercise of a reasonable discretion, determines is necessary to the proper functioning of the department. That being true, and ignoring KRS 70.560, the question would be simplified to a determination of whether the word equipment, as used in the statute, includes uniforms for members of the police force. In considering this question alone, we must be mindful of the fact that it is the universal custom of organized police departments to require its patrolmen and officers to wear uniforms while on duty. The uniform is a badge of the office, and the requirement that such badge be worn inures to the benefit of the public and the department to a far greater extent than to the officer. True it is that the officer would have to wear clothes of his own purchase if not required to wear a uniform. But such benefit to the officer is of minor importance and should be given little consideration in comparison to the benefit to the public and the department itself. The uniform is a reminder to persons that the law will be enforced and is visible notice that the person wearing the uniform is one whose aid may be sought by persons requiring the services of a police officer. Such notice will make available the immediate services of the department and thus expedite its work. In that manner the department may enter into discovery or pursuit of criminals more quickly and while the "scent is fresh" and descriptions are clear in the minds of witnesses. The saving of wear and tear on the clothing of an individual officer is of negligible benefit in comparison to that to be derived by the public and the department, and we are of the opinion that the word equipment necessarily includes uniforms where ownership is retained by the department.
It is manifest that the County Court did not abuse its discretion in adopting the regulation of October 26, 1949 and the Fiscal Court had the right to appropriate money for the purchase of the uniforms in question, unless prohibited by KRS 70.560, supra, which question we now will examine.
KRS 70.560 mandatorily provides that the Fiscal Court shall fix the salaries of the members of the police force, which right and power likewise is preserved in KRS 70.550. Had the Legislature, in enacting KRS 70.560, stopped at this point, we still would have no difficulty in determining that the Fiscal Court inferentially would be required to appropriate such sums as would be necessary to purchase reasonable equipment, including uniforms, for the department. But the Legislature apparently anticipated that some equipment which otherwise could be requisitioned might involve the expenditure of such large sums of money as to embarrass the general fund of the county, if made without regard to other fiscal requirements. It therefore extended the purview of KRS 70.560 and curtailed the otherwise unlimited authority of the County Court under the provisions of KRS 70.550 by leaving the purchase of certain designated types and items of equipment entirely within the discretion of the Fiscal Court. The enumeration of such equipment was not a designation of that referred to in the preceding section of the statute. It was a mere lifting of the enumerated types and items of equipment from the sole authority of the County Court and granting to the Fiscal Court the right to refuse to purchase such items even though requested by the County Court. We do not perceive that the granting of discretionary *322 powers to the Fiscal Court in respect to the purchase of the items enumerated in KRS 70.560 infringes on the right of the County Court to requisition these or other items of equipment which it deems necessary for the proper functioning of the police department. The Fiscal Court has the absolute right to reject requisitions for the enumerated items but has no arbitrary discretion in respect to items not enumerated. Since the intention of the Legislature is so clear, we find no place for the application of either the rule or the maxim invoked by appellants.
Neither are we impressed with the argument that by paying for the uniforms the Fiscal Court has increased the compensation of the police officers. The wearers of the uniforms obtain no property right in them, and use them only as they might use other equipment furnished for the use of the Department and the benefit of the community which they are employed to serve. A different view might be taken if the officer were presented with the uniform for use or disposition while not engaged in the service of the Department.
It follows that the Chancellor correctly concluded that the Fiscal Court, in the circumstances of this case, had the right to appropriate the funds necessary to purchase uniforms for the Police Department.
The judgment is affirmed.