J. Bert Grandoff Hillsborough County Attorney Tampa
QUESTION:
May the Hillsborough County Board of County Commissioners require the clerk of the circuit court to specifically budget for utility costs as the sole occupant of a county building?
SUMMARY:
The board of county commissioners may not require utility costs for county facilities or services operated by the clerk of the circuit court in county buildings to be included in and specifically budgeted for in the annual budget of the clerk of the circuit court; rather, the board should continue to supply necessary utilities to county buildings for county business as an obligation necessarily implied from the duty to provide office space for county officers at the county seat and to provide and maintain county buildings.
According to your supplemental letter, the clerk of the circuit court operates the county's data processing center which is housed in a single building provided by the county for that purpose. I have been informed that the data processing service operated by the clerk is a centralized service for county government and is located at the county seat. You state that the facility has the highest electrical energy consumption of any county building. In the past, utility costs for this operation have been paid by the county from general revenue funds; you state, however, that the board of county commissioners, in order to make the clerk more aware of the expense incurred in operating the data processing center and to encourage him to promote energy conservation measures within the center, would like to require the clerk to include an item for the utility costs of this operation in his annual budget. I have been informed by the clerk's office that he presently operates his office as a fee officer with the exception of the operation of the county court for which he is budgeted by the board of county commissioners. Cf. Alachua County v. Powers,351 So.2d 32 (Fla. 1977), and AGO's 076-11 and 072-424.
You indicate that your question is prompted not only by the factual situation just described but also by the conclusions reached in question 1 of AGO 076-173, wherein this office stated:
 [T]he board of county commissioners [of a noncharter county] . . . possesses no statutory authority, and is not charged with any statutory responsibility or duty, to equip and maintain the office of a tax collector fee officer. Rather, the annual budget established by tax collector fee officers should provide for all items of expense including operating capital outlays or equipment. (Emphasis supplied.)
You inquire as to whether the utility costs of the county's data processing operation are within the foregoing meaning of the words `equip and maintain' so that such costs are not the responsibility of the county but rather should be included in the annual budget established by the clerk. No consideration, however, was given to the liability of utility costs for the operation of county buildings in question 1 of AGO 076-173; moreover, the conclusion reached therein was based upon a consideration of the repeal of certain language contained in s. 145.12(3), F. S. 1971, requiring the county to `equip and maintain' offices of county fee officers from excess fees turned over to the county by the officer at the end of the fiscal year. Since the conclusion reached in question 1 of AGO 076-173 was based upon a consideration of that portion of the statute repealed in 1973 which has not been carried forward or preserved or reenacted in any form, I find no need to consider the payment of utility costs in that context; rather, I believe that the provisions of the State Constitution are determinative of your inquiry.
Section 1(k), Art. VIII, State Const., provides:
 In every county there shall be a county seat at which shall be located the principal offices and permanent records of all county officers. The county seat may not be moved except as provided by general law. Branch offices for the conduct of county business may be established elsewhere in the county by resolution of the governing body of the county in the manner prescribed by law. No instrument shall be deemed recorded in the county until filed at the county seat according to law. (Emphasis supplied.)
See also s. 125.01(1)(c), F. S., which provides that the legislative and governing body of a county has the power to provide and maintain county buildings, and s. 125.01(3)(a).
Thus, s. 1(k), Art. VIII, State Const., requires that the principal offices and permanent records of all county officers — including the clerk of the circuit court, see s. 1(d), Art. VIII, State Const. — be located at the county seat. Moreover, as the clerk generally serves as county recorder, see s. 16, Art. V, and s. 1(d), Art. VIII, State Const., no instrument will be deemed recorded in the county until filed in the clerk's office at the county seat. Cf. AGO's 058-17 and 079-70. This office has previously stated that, inasmuch as there is a constitutionally mandated requirement that there be a county seat where the principal offices of county officers are to be located and maintained and a general law authorizing the county to lease property for the county and for county purposes but no provision for the county to lease or rent county property to county officers or to others (except as provided in ss. 125.35 and 125.38, F. S.), the county is under a duty to provide office space within the county seat at no charge to the county officers designated in s. 1(d), Art. VIII. See AGO 076-173. See also AGO's 078-135, stating that the county commission is required to provide necessary office space for all county offices, and 055-101. Cf. AGO 073-99, in which this office concluded that, with regard to the school board and superintendent of schools, it was not necessary that the offices provided for these *4016 officials be located in the courthouse but merely in the county seat; AGO's 071-275 and 064-63; and Mathis v. Lovett, 215 So.2d 490 (Fla. 1968). Thus, while the county commission has the sole authority to allocate space in county buildings to the various county officials and, in the absence of fraud or abuse of that discretion, such a determination will not be interfered with, I am of the opinion that implicit in s. 1(k), Art. VIII, is the requirement that the county, through its board of county commissioners as the governing body of the county, must supply offices in the county seat to county officers for the conduct of county business.
I am not aware, however, of any case in Florida in which the court considered whether utility services and the cost thereof are necessarily included in the obligation to provide office space to county officers for county business, nor has such a judicial decision been brought to my attention. Other jurisdictions, however, have considered this question in light of their respective constitutional and statutory authority and have generally concluded that the duty to provide county buildings carries with it, by necessary implication, the obligation to provide those services necessary for the proper functioning of the space as an office. For example, the Missouri Supreme Court found that there was a duty on the part of the county board to supply the county treasurer not only with suitable office space but also with heat, lights, and janitorial services. Buchanan v. Ralls County, 222 S.W. 1002 (Mo. 1920). In Kentucky, the Court of Appeals held that the fiscal court (county governing body) was required by law to furnish light for the office of tax commissioner by virtue of the statute which required the fiscal court to provide a suitable office and furniture for the tax commissioner, reasoning that:
 [T]he duty to supply light should be read into the statute by implication just as much as if it appeared in express terms since the office without light would be so useless as to be regarded as no office at all. The duty to provide the office includes the duty to provide the light . . . . (Emphasis supplied.)
Burke v. Oakes, 169 S.W.2d 608 (Ky.Ct.App. 1943). Accord: Todd County Fiscal Court v. Frey, 285 S.W.2d 499 (Ky.Ct.App. 1955), in which the court held that the statute requiring the fiscal court to provide a room or rooms for the county treasurer at the county seat meant that the fiscal court must do more than make available `mere office space.'
With regard to the instant inquiry, the data processing center operated by the clerk of the circuit court is used for county business; it is a county operation located in a building provided by the county for that purpose. Based upon the foregoing authorities, and in the absence of any judicial determination to the contrary, I am therefore of the opinion that the board of county commissioners may not require utility costs for county facilities or services operated by the clerk of the circuit court in county buildings to be included in and specifically budgeted for in the annual budget of the clerk of the circuit court; rather, the board should continue to supply necessary utilities to county buildings for county business as an obligation necessarily implied from the duty to provide office space for county officers at the county seat and to provide and maintain county buildings.
Prepared by:
Joslyn Wilson Assistant Attorney General