**BARREN RIVER STATE BOAT DOCK, INC. d/b/a Barren River State Park Marina, Appellant,**

v.

**K & R MANUFACTURING COMPANY, Appellee.**

No. 2004–CA–001102–MR.

Court of Appeals of Kentucky.

July 1, 2005.

---

13. *Wilson,* 893 S.W.2d at 802.

14. *See generally Adkins v. Pike County Board of Education,* 141 S.W.3d 387 (Ky.App.2004).

S. Frank Smith, Jr., Bowling Green, KY, for appellant.

Stephanie L. McGehee–Shacklette, Harned, Bachert & Denton, LLP, Bowling Green, KY, for appellee.

Before GUIDUGLI and TAYLOR, Judges; EMBERTON, Senior Judge.[1]

*OPINION*

TAYLOR, Judge.

Barren River State Boat Dock, Inc., d/b/a Barren River State Park Marina (Barren River Dock) brings this appeal from an April 15, 2004, summary judgment of the Barren Circuit Court holding that K & R Manufacturing Company (K & R) asserted an enforceable mechanic's lien against a marina owned by Barren River Dock. We reverse and remand.

Barren River Dock operates a marina at the Barren River State Resort Park. As found by the circuit court, "[t]he marina facilities consist of series of docks with an area for the sale of fuel, walkways, and

---

1. Senior Judge Thomas D. Emberton sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

many slips for the storage of boats. The marina sits on floats and is attached to the banks of Barren River Lake by steel cables." The property to which the marina is attached and floats over is owned by the United States Army Corps of Engineers. The United States Army Corps of Engineers leases the land to the Commonwealth of Kentucky. The Commonwealth entered into what has been described as a "License Agreement" with Barren River Dock to operate the marina.

In 2002, Barren River Dock entered into a contract with North American Liquidations, Inc., f/k/a North American Marine Industries, Ltd. (North American) to expand the marina. To facilitate the expansion, North American, in turn, entered into a contract with K & R to supply floats. In accordance with the terms of the contact, K & R provided the floats, which were subsequently fitted onto the marina. It appears the original contract price for the floats was $40,859.48. North American failed to pay K & R the contract price for the floats.

Consequently, K & R filed a mechanic's lien under Kentucky Revised Statutes (KRS) 376.010 against the marina. K & R also filed a complaint in the Barren Circuit Court against Barren River Dock and North American alleging a breach of contract claim against North American and seeking enforcement of the lien asserted against the marina. On October 13, 2003, the circuit court entered summary judgment in favor of K & R upon its breach of contract claim against North American.[2] On April 15, 2004, the circuit court entered summary judgment in favor of K & R against Barren River Dock. Therein, the circuit court concluded the mechanic's lien asserted against the marina was a valid and enforceable lien under KRS 376.010. This appeal follows.

Barren River Dock contends the circuit court committed error by entering summary judgment in favor of K & R. Summary judgment is proper where there exist no material issues of fact and movant is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky.1991). Barren River Dock specifically asserts the circuit court erroneously concluded that K & R held an enforceable mechanic's lien against the marina. Resolution of this appeal revolves around a question of law—whether the marina constitutes an "other structure" under the mechanic's lien statute (KRS 376.010(1)).

KRS 376.010(1) sets forth the prerequisites for a valid mechanic's lien:

> Any person who performs labor or furnishes materials, for the erection, altering, or repairing of *a house or other structure* or for any fixture or machinery therein, for the excavation of cellars, cisterns, vaults, wells or for the improvement in any manner of real property ... shall have a lien thereon, and upon the land upon which the improvements were made or on any interest the owner has therein, to secure the amount thereof with interest as provided in KRS 360.040 and costs (emphasis added).

The circuit court interpreted the term "other structure" in KRS 376.010(1) broadly to include the marina at Barren River. Barren River Dock contends that such an interpretation is overbroad and not in accordance with legislative intent. We are inclined to agree with Barren River Dock.

The interpretation of a statute is a matter of law for the court and should be interpreted so as to effectuate legislative intent. *City of Worthington Hills v. Worthington Fire Protection District*, 140 S.W.3d 584 (Ky.App.2004). To properly

---

**2.** The October 13, 2003, summary judgment against North American Liquidations, Inc.,

f/k/a North American Marine Industries, LTD., is not subject to the instant appeal.

interpret the term "other structure" as found in KRS 376.010(1), we are guided by the rule of statutory interpretation called *ejusdem generis:*

> The rule of *ejusdem generis* (of the same kind) is that where, in a statute, general words follow or precede a designation of particular subjects or classes of persons, the meaning of the general words ordinarily will be presumed to be restricted by the particular designation, and to include only things or persons of the same kind, class, or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose.

*Steinfeld v. Jefferson County Fiscal Court,* 312 Ky. 614, 229 S.W.2d 319, 320 (Ky.1950) (citations omitted).

■ Applying the rule of *ejusdem generis* to KRS 376.010(1), we observe the term "other structure" is preceded by a designation of a particular structure—"a house." As such, we do not believe other structure should be interpreted to its "widest extent" but rather should be narrowly interpreted as implicating only those "things of the same general kind or class as" a house. *Robinson v. Ehrler,* 691 S.W.2d 200, 204 (Ky.1985). Stated differently, we view a proper interpretation of other structure as including a building of the same kind or class as a house; such would not necessarily be restricted to a dwelling but would be restricted to a building permanently situated and erected upon the land.

■ The record indicates the marina was merely affixed to the land by steel cables. Moreover, the marina was capable of being moved and was, in fact, moved on numerous occasions. From these facts alone, we conclude the marina is not permanently situated or erected upon the land and is not an "other structure" within the meaning of KRS 376.010(1). As the marina is not an "other structure" under KRS 376.010(1), we are of the opinion K & R cannot assert an enforceable mechanic's lien upon the marina as a matter of law.[3]

We view Barren River Dock's remaining contentions of error as moot.

Accordingly, we hold the circuit court committed error by entering summary judgment in favor of K & R.

For the foregoing reasons the summary judgment of the Barren Circuit Court is reversed and this cause remanded for proceedings not inconsistent with this opinion.

ALL CONCUR.

---

**3.** In this Commonwealth, a mechanic's lien is purely a statutory creature. Unless the facts bring the claimant clearly within the terms of the statute, no lien exists. In this appeal, we also do not believe a mechanic's lien was created under the statute since the alleged improvements did not become a part of the realty. *See* KRS 376.010(1).